UNITED STATES DISTRICT COURT FILED

DISTRICT OF CONNECTICUT 2003 DEC 12 P 2: 08

S. DISTRICT C...
NEW HAVEN, CO...

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, ET AL.,<br>Defendants | Case No: H-85-1078 (PCD) |
| SCHAGHTICOKE TRIBAL NATION<br>Plaintiff,<br><br>v.<br><br>KENT SCHOOL<br>Defendant, | Case No. 3:98cv1113 (PCD) |
| SCHAGHTICOKE TRIBAL NATION<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA AND CONNECTICUT LIGHT AND POWER COMPANY<br>Defendants. | Case No. 3:00cv820 (PCD) |

**RULING ON MOTION TO AMEND SCHEDULING ORDER**

Defendants Kent School Corporation, Inc., the Town of Kent, The Connecticut Light and Power Company, and the *amicus* State of Connecticut move to amend [Doc. Nos. 210, 142, and 55] this Court's Scheduling Order of May 8, 2001 [Doc. Nos.170, 105, and 33]. Movants seek to amend to Scheduling Order to allow submission of two items: 1) A letter from Schaghticoke

1

Indian Tribe members disavowing their intent to join the Schaghticoke Tribal Nation; and 2) A transcript of an interview with Irving Harris. These items were submitted to the Bureau of Indian Affairs ("BIA") after the close of the reply period and the BIA declined to accept the evidence absent a modification of the Scheduling Order by this Court. Movants allege that consideration of the new evidence is necessary for the BIA to be able to conduct a proper evaluation of the Schaghticoke Tribal Nation petition.

Although, the Schaghticoke Tribal Nation initially objected to allowing the submission of the evidence, see STN Mem. Opp. Motion to Amend at 3-11 (arguing that admission of the new information would amount to an improper sur-reply), it has subsequently modified its position to mirror that of the United States. See STN Response to Gov't Supplemental Mem. at 2-3 (accepting government's representations as to the appropriateness of considering the items).[1] The United States represents that the submission of this new evidence will not delay the issuance of the final determination and that the Office of Federal Acknowledgment's ("OFA") "routine verification practice" would necessarily include inquiries to "the persons at issue, the petitioner, and pertinent interested parties" anyway. Supplemental Mem. by United States at 3; see also 65 Fed. Reg. 7,052 (February 11, 2000) (Research shall be conducted as "needed to verify and evaluate the materials presented by the petitioner and submitted by third parties"). Thus, the United States maintains that consideration of the evidence "would actually speed the independent evaluation by OFA researchers." Id.

As there is currently no objection to the submission and consideration of the new

---

[1] The Schaghticoke Tribal Nation, however, does not alter its position that the accusations of impropriety contained in the information to be submitted are false. STN Response to Gov't Supplemental Mem. at 2.

2

evidence, the Motion to Amend [Doc. Nos. 210, 142, and 55] is **granted**, and it is hereby ordered that the BIA accept the two items submitted by Movants. However, all deadlines established by the Scheduling Order remain in effect and are not altered by this Ruling.

SO ORDERED.

Dated at New Haven, Connecticut. December //, 2003.

_____
Peter C. Dorsey, U.S. District Judge
United States District Court