UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. H-85-1078(PCD) |
| v. | ) | |
| | ) | |
| 43.47 ACRES OF LAND, MORE OR LESS, | ) | |
| SITUATED IN THE COUNTY OF | ) | |
| LITCHFIELD, TOWN OF KENT, et al, | ) | |
| | ) | |
| Defendants, | ) | * * * * * * * * * |
| | ) | |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-98-CV 01113 (PCD) |
| v. | ) | |
| | ) | |
| KENT SCHOOL CORPORATION, INC., et al | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-00-CV 0820 (PCD) |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA AND | ) | |
| THE CONNECTICUT LIGHT AND POWER | ) | |
| COMPANY, et al | ) | |
| Defendants. | ) | April 27, 2004 |

**Defendants Opposition to**
**Schaghticoke Tribal Nation**
<u>**Motion to Amend Scheduling Order**</u>

By motion of April 6, 2004, plaintiff petitioner group the Schaghticoke Tribal

Nation ("STN group") requested that this Court issue an order to amend the April 6, 2001

Scheduling Order in this case. Without first consulting with any of the defendants regarding the

**ORAL ARGUMENT REQUESTED**

proposed amendment, the STN group seeks an order that would require prior notification before any contact is made with certain federal officials, as identified in Paragraph 1 of the current order. Defendants oppose the STN group motion. The STN group motion is nothing more than an effort to attack the Connecticut Attorney General.

Plaintiffs motion, and the actions it complains about, should be considered in context. This lawsuit involves an effort by the STN group to take away from the defendants, without compensation, hundreds of acres of valuable land and real property. Plaintiff seeks to do so based upon actions alleged to have occurred approximately 200 years ago. Plaintiff also has raised the spectre of additional land claims that would dispossess other innocent landowners in Connecticut of their property. In addition to these land claims, the STN group has openly asserted its goal to build a massive casino resort somewhere in southwestern Connecticut, despite the overwhelming opposition of State residents and the actions of the State in 2003 to prohibit such gambling.

In these efforts, the STN group is backed by wealthy non-Indian financiers and developers who seek to make large profits off of an Indian casino. These investors have bankrolled the STN's land claim effort in this lawsuit, and they have provided the financial wherewithal for the STN to hire an army of lawyers, lobbyists, media consultants, and technical experts to promote the group's acknowledgment petition. Defendants to this case have been forced to respond to this well-financed, full-fledged assault on their property rights by participating in this expensive litigation. This land claim lawsuit is itself just one part of the STN group's strategy to establish a massive Indian casino in the State.

The catalyst in this effort by the STN group to seize property from the defendants and possibly other third parties, as well as to build one of the world's largest casinos on what would be tax-exempt, regulation-free land not subject to state or local control, is the Bureau of Indian Affairs (BIA) tribal acknowledgment process.  In January 2004, BIA reversed its prior negative determination on the STN group's tribal status by issuing a favorable final determination.  That determination, which can only be described as an outrageous example of result-oriented and biased decision-making, has sparked a justifiable firestorm of protest within the State of Connecticut.  The decision has resulted in calls for reform of the BIA tribal acknowledgment process from a bipartisan array of top elected officials, including U.S. Senators, U.S. Representatives, the Governor, the Attorney General, State legislators, local government officials, citizens' groups, businesses, and individual citizens.  That justifiable outrage has been fueled by BIA's own internal memorandum which admits that the STN group could be granted acknowledgment only by ignoring the agency's own rules and precedent.  See Exhibit 1.

Against this backdrop, the action of which the STN group complains – a short conversation in a public setting between the Attorney General and the Secretary of the Interior regarding the flaws in a BIA process that threatens the future of the State of Connecticut – not only does not violate Paragraph 1 of the Scheduling Order, but is a long overdue and entirely justifiable expression of concern to the appropriate government official over an errant federal program.  The BIA acknowledgment process has become a sham, lacking in integrity and stripped of credibility.  The Attorney General was well within his rights to raise concerns over this process directly with the Secretary.

Paragraph 1 does not prohibit this kind of communication with the Secretary.  Nor does it require advance notification.  Contrary to plaintiff's assertion, it was not the intent of the parties

in negotiating the Scheduling Order to require advance notice. The provision was included in the Order at the request of these defendants, and it was not our intent for prior notice. Instead, defendants' intent was to make sure that such contacts were disclosed so that other parties could decide for themselves how to respond.

The STN group received notice of the Blumenthal/Norton meeting and a copy of the letter. In addition, the brief conversation received extensive media coverage. This is hardly the kind of covert, behind-the-scenes meeting that was the reason defendants sought this provision in the Scheduling Order. Quite simply, no violation of the Order has occurred. If the STN group wants to approach the Secretary in like fashion, in a public context, subject to media coverage, to deliver a written letter for reform of the acknowledgment process, which it will make available to the other parties to the Scheduling Order, so be it. We would welcome the opportunity to respond to any such communication, as the terms of Paragraph 1 as currently worded would permit us to do.

Plaintiff's request to amend the Order should be denied. The Order reflects mutually agreed upon terms, and the STN group failed to approach defendants regarding the requested change. The proposed revision has no beneficial purpose and should be rejected.

DEFENDANTS, KENT SCHOOL
CORPORATION, INC., CONNECTICUT
LIGHT & POWER, TOWN OF KENT


By_____
    Allan B. Taylor (ct05332)
    David J. Elliott (ct04301)
    Eric L. Sussman (ct19723)
    DAY, BERRY & HOWARD LLP
    CityPlace I
    Hartford, CT 06103-3499
    (860) 275-0100

By_____
    Richard Street, Esq.
    Carmody & Torrance
    50 Leavenworth Street
    P.O. Box 1110
    Waterbury, CT 06721

By_____
    Jeffrey B. Sienkiewicz, Esq.
    Sienkiewicz & McKenna, PC
    9 South Main Street
    P.O. Box 786
    New Milford, CT 06776

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

Eric Watt Wiechmann, Esq.
Eric M. Grant, Esq.
Karen Wagshul, Esq.
Cummings & Lockwood
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495

Leland C. Selby, Esq.
James R. Fogarty, Esq.
Fogarty, Cohen, Selby & Nemiroff LLC
88 Field Point Road
P.O. Box 2508
Greenwich, CT 06836-2508

James K. Robertson, Jr., Esq.
Giovanna M. Tiberii, Esq.
Richard L. Street, Esq.
Walter F. Torrance, Jr., Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

John B. Hughes, Esq.
Office of the United States Attorney
157 Church Street
New Haven, CT  06508

Thomas Van Lenten, Esq.
Pinney, Payne, Van Lenten, Burrell,
Wolfe & Dillman P.C.
Lee Farm Corporate Park
83 Wooster Heights
Danbury, CT 06813-3499

Jeffrey Sienkiewicz, Esq.
Sienkiewicz & McKenna
P.O. Box 786
New Milford, CT 06776

Susan Quinn Cobb, Esq.
Office of the Attorney General
55 Elm Street
Hartford, CT 06103

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

                                        Eric L. Sussman