# EXHIBIT C

United States District Court
District of Connecticut
FILED AT          NEW HAVEN

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

Kevin F. Rowe, Clerk

Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| PLAINTIFF, | : |
| V. | : |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, ET AL., | : CIVIL NO. H-85-1078(PCD) |
| DEFENDANTS. | : |

********

MAY 1 1 2001

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION, | : |
| PLAINTIFF, | : |
| V. | : |
| KENT SCHOOL, | : CIVIL NO. 3:98CV01113(PCD) |
| DEFENDANTS. | : |

********

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION, | : |
| PLAINTIFF, | : |
| V. | : |
| CONNECTICUT LIGHT & POWER, | : CIVIL NO. 3:00CV00820(PCD) |
| DEFENDANTS. | : |

MOTION FOR ENTRY OF STIPULATED ORDER

The parties in the above-referenced cases, after several conferences with the Court and after detailed negotiations, have agreed to stipulate to the entry of the attached order governing further proceedings to be conducted before the Department of the

## ORDER

The following order is entered to permit, and establish a framework for, the determination by the Department of the Interior ("DOI") on the petition for tribal acknowledgment submitted by the Schaghticoke Tribal Nation. This Order is meant to serve the rights and interests of all parties to the captioned litigation, and allow the DOI to determine the merits of the petition on a schedule other than that set forth in the applicable regulations, 25 C.F.R. Part 83, except as otherwise provided herein. For purposes of the Order, the terms "party" or "parties" include the United States, the petitioner Schaghticoke Tribal Nation ("peitioner"), the defendants in these cases and any *amicus curiae* parties ("*amici*").

Based upon negotiations conducted among all the parties and *amici* in the above-captioned cases the Court orders the following:

a)    The Documented Petition and the administrative correspondence file as of January 19, 2001, have been provided by the Bureau of Indian Affairs ("BIA"), on CD-ROM, to each party and *amici*. The genealogical information from the petition in the Family Tree Maker format, has also been provided to each party and *amici* on computer disks.

b) The design of a database in progress. The design of the database will be finalized and a copy provided to the parties

and *amici* by September 1, 2001.  All parties and *amici* may, and shall to the extent they have information which permits their doing so, comment on a proposed design by May 1, 2001. Assistant U.S. Attorney John B. Hughes will schedule, in New Haven on June 1 or 4, 2001 a conference to include members of the BIA staff and/or consultants, to permit a detailed discussion with parties, *amici* and counsel of the status of the design and providing details sufficient to permit the parties and *amici* to comment meaningfully on the design.  The parties and *amici* shall comment within 14 days.  Further comment will only be accepted by BIA on a showing that despite due diligence, the basis for the comment was not reasonably known or available within the time limits set forth herein, and modifications will be made only to the extent feasible and appropriate.  The BIA will report, to the court, the parties and *amici*, the status of the design development on June 20, 2001.

c) On or before December 17, 2001, the parties and *amici* shall provide an initial submission of any information or documents deemed appropriate to the determination of the petition for inclusion in the administrative record and database.  By February 15, 2002, the parties and *amici* shall submit comments, information, documents, analysis or argument, for

3

inclusion in the administrative record and database. The actual creation of the initial database, after finalization of its design, including any modifications, shall be completed by March 15, 2002. The time period for completion of the database may be extended by the court depending on the nature and extent of the comments received.

d) The BIA will serve notice of its entry of the data in paragraph (c) into the initial database and serve copies of it on CD-ROM to the parties and *amici*, within five business days. Upon service of such notice, the BIA shall commence development of a proposed finding to be completed within 6 months. All parties and *amici* may provide comments on the initial database for 30 days following service of the database. No new factual documentation will be accepted. Notwithstanding the prior creation of the initial database, it is contemplated that the BIA may alter or add to the database during the decisional process.

e) Upon issuance of the proposed finding, including the summary of the evidence under the criteria, the BIA shall serve it, including, if any, charts and technical reports, on all parties and *amici* within 10 days. The databases as supplemented by BIA staff and any supplemental documents

4

considered by the Assistant Secretary - Indian Affairs in the formulation of the proposed finding, not previously provided to the parties and *amici*, shall be served on all parties and *amici* within 30 days, subject to the assertion of any privileges by DOI.  A log identifying the documents and the asserted privileges will be provided.

f)  The parties and *amici* shall submit all comments, information, documents, analysis or argument on the proposed finding, including the summary of the evidence under the criteria, within 6 months of its service.  Parties and *amici* may request the court for an extension of the comment period on a showing of good cause which shall mean any cause which could not in the exercise of due diligence be reasonably avoided.  Any reply by petitioner shall be filed with the BIA within 30 days of the close of the comment period.

g)  Any party or *amici* to these cases wishing technical assistance, as provided in 25 C.F.R. 83.10(j)(2), shall request the same from the Assistant Secretary - Indian Affairs not later than 30 days after service of the proposed finding. Any such request shall be in writing and contain a detailed statement of the questions for which technical assistance is requested.  A formal technical assistance meeting compliant

with such request(s) and 25 C.F.R. 83.10(j)(2) shall be held in Washington, D.C., within 60 days of the first such request. The BIA will develop an agenda for the formal technical assistance meeting which would permit the BIA staff to cover all of the subject matter areas raised. The parties shall use their best efforts to complete the agenda in two days or less, but in no event shall the meeting last more than three days.

h) The final determination, including the summary of the evidence under the criteria, of the petition shall be issued by the Assistant Secretary - Indian Affairs within 4 months of the end of petitioner's reply period. Notice of the final determination shall be published in the Federal Register, and the BIA shall serve copies of the final determination, including the summary of the evidence under the criteria, on the parties and *amici* within 5 business days of issuance of the final determination. The database as supplemented by BIA staff and any supplemental documents considered by the Assistant Secretary - Indian Affairs in the formulation of the final determination, not previously provided to the parties and *amici*, shall be served within 30 days of service of the final determination on all parties and *amici* subject to the assertion of any privileges which shall be set forth in a log identifying the documents and the asserted privileges.

i) The final determination shall be effective 90 days from the date notice is published in the Federal Register unless independent review and reconsideration is requested under 25 C.F.R. § 83.11 or unless any party or *amici* files a petition for district court review as set forth in paragraph (j)below. The final determination shall have no probative effect or value for purposes of the land claim issues remaining for the court's consideration in these cases until such time as a final judgment is entered on any review of the final determination under the Administrative Procedure Act ("APA") and all further rights of appeal have been exhausted. Nothing herein shall prevent any party or *amici* from seeking a court order staying or enjoining the effectiveness of the final determination for any other purposes.

j) The parties and *amici* agree to defer further negotiation of the question of whether, for purposes of this case, an appeal of the final determination to the Interior Board of Indian Appeals (IBIA) may be filed. The negotiation period shall commence three months after the end of the petitioner's reply period as set forth in paragraph (f) above and conclude no later than thirty days after the final determination is issued by the Assistant Secretary - Indian Affairs. The parties shall report to the court, through Assistant United States

7

Attorney John B. Hughes, within five days of the conclusion of the negotiation period. Participation in such negotiations shall not be construed as a waiver of any right to seek independent review and reconsideration under 25 C.F.R. §83.11 nor shall any party, *amici*, or interested party be compelled to forego such right. The negotiations among the parties shall be limited to the question of whether, for purposes of this case, the appeal of the final determination for independent review and reconsideration under 25 C.F.R. § 83.11 is to be made to the IBIA or shall be a part of a petition for review filed in the District Court under the Administrative Procedure Act. If a party requests independent review and reconsideration under 25 C.F.R. § 83.11(a)(1) and the Interior Board of Indian Appeals (IBIA) determines to take the appeal under § 83.11(c)(2), any party may request the Interior Board of Indian Appeals (IBIA) to expedite its consideration of and decision in such proceedings and represent in such request that the other parties who are subject to this Order give their consent thereto, except the Department of the Interior which agrees not oppose the request. If as a result of the negotiations, however, the parties agree that the issues for review set forth in 25 C.F.R. § 83.11 may be included in any petition for review filed with the District Court under the Administrative Procedure Act, such issues shall be decided by

8

the Court as part of such review under the standards identified in 25 C.F.R. § 83.11. Upon any such combined petition for review the Court shall determine the effective date of the final determination from which the petition for review has been taken.

k) Any petition for review of the final determination under the Administrative Procedure Act by any party to these cases shall be filed within 90 days of the date that notice of the final determination was served and shall be filed in this court as a case related to the above-captioned cases.

l) Nothing in this order shall prohibit any party or *amici* from requesting informal technical assistance from BIA staff nor prohibit the BIA Branch of Acknowledgment and Research ("BAR") staff from providing technical assistance in response to such requests pursuant to 25 C.F.R. §83.10(j)(1). No non-federal party or *amici* shall communicate or meet with any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary - Indian Affairs or the Deputy Commissioner of Indian Affairs with respect to this petition, without notification to the other parties.

m) The parties shall be permitted to conduct discovery as

provided for in the Federal and Local Rules of Civil Procedure, and in accordance with the previously entered Confidentiality Order, except that no discovery shall be directed against the United States Department of the Interior. Such discovery shall be relevant to the issue of tribal acknowledgment of the petitioner, unless the petitioner and a requesting party otherwise agree. Written discovery directed against a party to these proceedings shall be propounded not later than December 1, 2001. Discovery directed to or against persons or entities who are not parties to these proceedings may be made at any time. Discovery requests and responses shall be provided to all parties to this agreement. Copies of deposition transcripts shall be made available to all parties and *amici* as provided in the Federal Rules of Civil Procedure. Such responses and transcripts will not be included in the database or administrative record unless specifically submitted for inclusion.

n) Extensions of time may be allowed by the court for good cause which shall mean any cause which could not in the exercise of due diligence be reasonably avoided.

o) Except as otherwise provided in this Order the regulations set forth in 25 C.F.R. Part 83 are applicable to the BIA's

consideration of the Schaghticoke Tribal Nation's petition.

p) Any pleadings, documents, correspondence or other materials filed with this Court or with DOI, BIA, or BAR by any party or *amici* shall be served on all parties and amici in accordance with Rule 5, Federal Rules of Civil Procedure.

q) All proceedings in this court on these cases shall be stayed except as otherwise provided herein or unless leave of court is granted or all the parties agree.

SO ORDERED.

Dated at New Haven, Connecticut, May 8, 2001.

_____
Peter C. Dorsey
Senior United States District Judge

11

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| PLAINTIFF, | : |
| V. | : |
| 43.47 ACRES OF LAND, MORE OR LESS, | : CIVIL NO. H-85-1078(PCD) |
| SITUATED IN THE COUNTY OF | : |
| LITCHFIELD, TOWN OF KENT, ET AL., | : |
| DEFENDANTS. | : |

\*\*\*\*\*\*\*\*

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION, | : |
| PLAINTIFF, | : |
| V. | : |
| KENT SCHOOL, | : CIVIL NO. 3:98CV01113(PCD) |
| DEFENDANTS. | : |

\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION, | : |
| PLAINTIFF, | : |
| V. | : |
| CONNECTICUT LIGHT & POWER, | : CIVIL NO. 3:00CV00820(PCD) |
| DEFENDANTS. | : |

<u>REPORT AND JOINT MOTION ON CONSENT TO AMEND SCHEDULING ORDER</u>

The United States Attorney hereby notifies the Court that in accordance with ¶ (h) of the Stipulated Scheduling Order of May 9, 2001, as later amended, the Department of the Interior issued its final determination on the petition of the Schaghticoke Tribal Nation on January 29, 2004.  In accordance with ¶ (h), the decision

was served on the parties, *amici* and other interested parties on February 2, 2004.  Notice of the decision was published in the Federal Register on February 5, 2004.

The parties in the three above-captioned cases hereby report to the Court through the U.S. Attorney on the negotiations pursuant to ¶ (j) of the Stipulated Scheduling Order.  As provided in ¶ (j) of the Scheduling Order the parties and *amici* engaged in further negotiation of the question of whether, for purposes of this case, independent review and reconsideration before the Interior Board of Indian Appeals (IBIA) pursuant to 25 C.F.R. § 83.11 is to be made, or shall be part of a petition for review filed in the District Court under the Administrative Procedure Act (APA).  The result of the negotiations is that the review procedures of 25 C.F.R. § 83.11 will be available and any additional review under the APA in District Court will be filed only at the conclusion of the administrative proceedings when there is a final effective agency decision.

The U.S. Attorney has been authorized by the parties to request that the Court grant, without further response, this joint motion to amend the provisions of ¶ (k) of the Stipulated Scheduling Order, to read as follows:

> (k) Any request for judicial review of the final decision under the Administrative Procedure Act by any party or *amici* to these cases shall be filed within 90 days of its effective date and shall be filed in this court as a case related to the above-captioned cases.

The requested amendment to paragraph (k) is intended to clarify that an action seeking APA review in District Court must be filed within 90 days of the effective date of the "final decision," the final agency action on the petition for acknowledgment. As presently worded ¶ (k) requires filing an APA action within 90 days of the date that notice of the "final determination" was served, which does not accommodate the IBIA process.

The proposed amended ¶ (k) relies on the regulations to define "effective date," and precludes the possibility of an APA action before the administrative process is complete. If amended, paragraph (k) will provide a deadline for an APA review in District Court irrespective of whether a request for reconsideration is made to the IBIA. Keying the time frame to the "effective date" of the final decision allows for a flexible deadline - applicable irrespective of whether an IBIA appeal is filed and irrespective of the nature of the reconsidered decision, if any, which is made under the regulations. See 25 C.F.R. § 83.11(a)(2), (h)(1), (h)(2) and (h)(3).

Thus, if paragraph (k) is amended by the Court, the following benchmarks will apply:

1. If no request for reconsideration before the IBIA is filed, the APA review must be filed on August 3, 2004, 90 days from the effective date of May 5, 2004.

2. If a request for reconsideration before IBIA is filed, the APA review must be filed 90 days from the effective date of the final decision as determined by the regulations, 25 C.F.R. Part 83.

3

During the negotiations regarding the nature and timing of the appeals to be taken from the final determination, the parties also discussed possible ways in which to expedite the IBIA process. The parties and amici have agreed to the following procedures:

1. Parties and amici contemplating the filing of requests for reconsideration shall attempt, in good faith, to consolidate their respective grounds for reconsideration, so as to minimize duplication.

2. All references to documents that are indexed in the FAIR database shall be referenced by their "Short Cite" or "Image File ID," or both, in FAIR, to the extent practicable.

3. A copy of this Report and Joint Motion On Consent to Amend Scheduling Order should accompany any request for reconsideration filed with IBIA concerning the final determination on the STN petition.

4. Any request for reconsideration before the IBIA will affirmatively state that it was served on the designated representative reflected in the attached copy of the "List of Interested Parties as of January 30, 2004" prepared by the Office of Federal Acknowledgment, the Assistant Secretary-Indian Affairs (attention: Office of Federal Acknowledgment) and the Office of the Solicitor (attention: Scott Keep and Barbara Coen).

4

Respectfully submitted,

JOHN H. DURHAM
ACTING UNITED STATES ATTORNEY

*John B Hughes*

JOHN B. HUGHES
ASSISTANT U.S. ATTORNEY
FED. BAR NO. ct05289
157 CHURCH STREET
NEW HAVEN, CT 06510
(203)821-3700

5

**Schaghticoke Tribal Nation, Petition #79**
**List of Interested Parties as of 1/30/04**


**\*\*Designated Representatives Indicated in Bold**


**Petitioner and Attorney of Record**
Mr. Richard L. Velky
*Business address:*                         Cell Phone:     (203) 910-9700
33 Elizabeth Street, 4th Floor              Phone:          (203) 736-0782
Derby, Connecticut  06418                   Fax:            (203) 736-0875

*Alternate address:(Use business address)*
Schaghticoke Road                           Phone:          (860) 927-8050
P.O. Box 893
Kent, Connecticut  06757

*Attorney of Record:*
Ms. Judith A. Shapiro                       Phone:          (202) 723-6400
6556 Eastern Avenue, N.W., Suite 206        Fax:            (202) 291-3107
Washington, D.C.  20012

*Co-counsels:*
**Mr. Eric Weichman \*\***                  **Phone:**       **(860) 275-6700**
**McCarter English**
**Cummings and Lockwood**                   **Fax:**         **(860) 724-3397**
**City Place I**
**185 Asylum Street**
**Hartford, Connecticut  06103-3495**

Mr. Thomas W. VanLenten                     Phone:          (203) 830-6335
Pinney, Payne, VanLenten,                   Fax:            (203) 792-4759
   Burrell, Wolfe & Dillman, PC
83 Wooster Heights
P.O. Box 3499
Danbury, Connecticut  06810-3499

Mr. Jerry Strauss                           Phone:          (202) 822-8282
Hobbs, Strauss, Dean & Walker               Fax:            (202) 296-8834
2120 L Street, N.W.
Washington, D.C.  20037

1

**Interested Parties and Attorneys of Record**
*State of Connecticut*:
Governor John G. Rowland                     Phone:      (860) 566-4840
Governor's Office, State Capitol             Fax:        (860) 524-7396
210 Capitol Avenue
Hartford, Connecticut  06106


*Attorney General*:
Mr. Richard Blumenthal                       Phone:      (860) 808-5318
Attorney General                             Fax:        (860) 808-5347
55 Elm Street
Hartford, Connecticut  06141-0120


**Assistant Attorneys General:**
**Ms. Susan Quinn Cobb****                    **Phone:**      **(860) 808-5318**
**Mr. Mark Kohler**                           **Fax:**        **(860) 808-5347**
**Office of the Attorney General**
**55 Elm Street**
**Hartford, Connecticut  06141**


*Town of Bethel*:
Ms. Alice Hutchinson, First Selectman        Phone:      (203) 794-8501
Town of Bethel                               Fax         (203) 794-8552
Bethel Municipal Center
1 School Street
Bethel, Connecticut  06801


*Truman and Theodore Cogswell*
Mr. Truman H. Cogswell, Sr., et al           Phone:      (573) 784-2589
419 King Street, P.O. Box 56                 Fax:        (573) 784-2364
Frankford, Missouri  63441


**Attorney of Record for Coggswell, Sr., et al**
**Mr. Philip G. Smith  ****                   **Phone:**      **(573) 754-6237**
**Smith and McGuire**                         **Fax:**        **(573) 754-4014**
**413 Georgia Street**
**P.O. Box 486**
**Louisiana, Missouri 63353**


*Town of Cornwall*:
Mr. Joyce Hard, First Selectman


**Attorney of Record for Town of Cornwall**
**Mr. Perley H. Grimes, Jr.     ****          **Phone:**      **(860) 567-8717**
**Cramer and Anderson**                       **Fax:**        **(860) 567-4531**
**46 West Street**
**Litchfield, Connecticut  06759-0278**

2

*City of Danbury*:
Mr. Mark D. Boughton, Mayor**                    Phone:      (203) 797-4511
City of Danbury                                  Fax:        (203) 796-1666
155 Deer Hill Avenue
Danbury, Connecticut  06810


*Town of Easton*
Mr. William Kupinse, Jr.**                       Phone:(203) 268-6291
225 Center Road                                  Fax:        (203) 268-4928
P.O. Box 61
Easton, Connecticut  06612


*Town of Greenwich*
Ms. Aamina Almad  **
Town Attorney                                    Phone:      (203) 622-7876
101 Field Point Road                                Fax:     (203) 622-3816
P.O. Box 2540
Greenwich, Connecticut  06836


*Housatonic Valley Council of Elected Officials*:
Mr. Jonathan Chew, Executive Director    **      Phone:      (203) 775-6256
Housatonic Valley Council of Elected Officials   Fax:        (203) 740-9167
Old Town Hall, Routes 25 & 133
Brookfield, Connecticut  06804


*Town of Kent*:
Ms. Dolores R. Schiesel                          Phone:      (860) 927-4627
First Selectman                                  Fax:        (860) 927-4474
Town of Kent, Kent Town Hall
41 Kent Green Blvd.
P.O. Box 678
Kent, Connecticut  06757-0678


*Attorney of Record for the Town of Kent*
Mr. Jeffrey Sienkiewicz      **                  Phone:      (860) 354-1583
Sienkiewicz & McKenna, P.C.                      Fax:        (860) 355-4439
9 South Main Street, P.O. Box 786
New Milford, Connecticut  06776


*Kent School*:
*Attorney of Record for Kent School*
Mr. Donald C. Baur                               Phone:      (202) 434-1690(1621)
Perkins Coie, LLP                                Fax:        (202) 434-1690
607 Fourteenth Street, N.W.
Washington, D.C.  20005-2011


3

**Mr. David J. Elliott  \*\***                                 Phone:    (860) 275-0196
**Day, Berry & Howard**                                        Fax:      (860) 275-0343
**City Place I**
**Hartford, Connecticut  06103-3499**

*Town of New Fairfield*:
**Ms. Peggy Katkocin, First Selectman\*\***                   Phone:    (203) 312-5600
**Town of New Fairfield**                                       Fax:      (203) 312-5610
**Town Hall**
**4 Brush Hill Road**
**New Fairfield, Connecticut  06812**

*Town of New Canaan:*
*Attorney of Record for Town of New Canaan*
**Mr. Christopher J. Jarboe   \*\***                          Phone:    (203) 853-4400
**Lovejoy and Rimer, P.C.**                                    Fax:      (203) 866-3386
**65 East Avenue**
**P.O. Box 390**
**Norwalk, Connecticut  06852-0390**

*Town of New Milford:*
Mr. Thomas Beecher                                             Phone:    (860) 355-2631
Collins, Hannafin, Garamella, Jaber & Tuozzolo                 Fax:      (860) 355-9460
148 Deer Hill Avenue
Danbury, Connecticut  06813-0440

*Attorney of Record for Town of New Milford*
**Mr. D. Randall DiBella        \*\***                        Phone:    (860) 355-2631
**Cramer & Anderson**                                          Fax:      (860) 355-9460
**51 Main Street**
**New Milford, Connecticut 06776**

*Town of Newtown*:
**Mr. Herbert C. Rosenthal, First Selectman\*\***            Phone:    (203) 270-4201
**Town of Newtown**                                            Fax:      (203) 270-4205
**Town Hall**
**45 Main Street**
**Newtown, Connecticut  06470**

*Town of Norwalk*
**Mr. Alex Knopp \*\***                                       Phone:    (203) 854-7701
**City of Norwalk**                                            Fax:      (203) 854-7939
**125 East Avenue, P.O. Box 798**
**Norwalk, Connecticut  06851**

4

*Preston Mountain Club*
*Attorneys of Record for Preston Mountain Club*
Mr. James R. Fogarty **                       Phone:     (203)  661-1000
Mr. Leland C. Selby                           Fax:       (203)  629-7300
Fogarty, Cohen, Selby & Nemiroff, LLC
88 Field Point Road
P.O. Box 2508
Greenwich, Connecticut  06386-2508

*Town of Ridgefield*:
Mr. Rudy Marconi, First Selectman**          Phone:     (203) 431-2700
Town of Ridgefield                            Fax:       ((203) 431-2311
Town Hall
400 Main Street
Ridgefield, Connecticut  06877

[*Schaghticoke Indian Tribe* group] Petition #239:
Mr. Alan Russell                              Phone:     (860) 927-3282
322 Schaghticoke Road, P.O. Box 111           Fax:       (860) 927-3659
Kent, Connecticut  06757

*Attorney of Record for Mr. Alan Russell, et. al.*
[*Schaghticoke Indian Tribe* group] Petition #239:
Mr. Michael J. Burns **                       Phone:     (860) 246-6400
57 Pratt Street, Suite 604                    Fax:       (860) 687-1833
Hartford, CT 06103

*Town of Sherman*:
*Attorney of Record for Town of Sherman*
Mr. D. Randall DiBella**                      Phone:     (860) 355-2631
Cramer and Anderson                           Fax:       (860) 355-9460
51 Main Street
New Milford, Connecticut  06776

*Town of Stamford*
Mr. Benjamin Barnes**                         Phone:     (203) 977-5919
888 Washington Boulevard                      Fax:       (203) 977-5845
P.O. Box 10152
Stamford, Connecticut  06904-2152

*Town of Westport*
Ms. Diane Ferrell**                           Phone:     (203) 341-1040
Office of the Town Attorney                    Fax:       (203) 341-1038
Town Hall
110 Myrtle Avenue
Westport, Connecticut  06880

*Town of Wilton*
**Ms. Patricia C. Sullivan          \*\***          Phone:      (203) 368-0211
**Associate Town Counsel**                         Fax:        (203) 394-9901
**1115 Broad Street**
**P.O. Box 1821**
**Bridgeport, Connecticut 06601-1821**

*Barbara Bush*
*Attorney of Record for Ms. Barbara Bush*
**Mr. Thomas Gugliotti,          \*\***          Phone:      (860) 548-2661
**Updike, Kelly & Spellacy**                       Fax:        (860) 548-2680
**One State Street**
**(P.O. Box 231277)**
**Hartford, Connecticut  06123**                   **(By virtue of litigation)**

*Loretta Bonos*
Mrs. Loretta Bonos
594 Bendview Drive
Charleston, West Virginia   25314-1547             (By virtue of litigation)

*Attorney of Record for Mrs. Bonos:*
**Mr. Robert A. Slavitt\*\***                       Phone:      (203) 838-7555
**Slavitt, Connery and Vardamis**                  Fax:        (203) 866-9724
**618 West Avenue**
**Norwalk, Connecticut  06850**                     **(By virtue of litigation)**

*Connecticut Light and Power*
*Attorney of Record for Connecticut Light and Power:*
**Richard L. Street, Esq\*\***                      Phone:      (203) 573-1200
**Carmody and Torrance**                            Fax:        (203) 575-2600
**50 Leavenworth Street**
**P.O. Box 1110**
**Waterbury, Connecticut  06721-1110**              **(By virtue of litigation)**

6

## CERTIFICATION

This is to certify that a copy of the within and foregoing Report and Joint Motion on Consent to Amend Scheduling Order was mailed, postage prepaid, this *27th* day of February, 2004 to:

Eric Watt Wiechmann, Esq.
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495

Thomas Van Lenten, Esq.
Pinney, Payne, Van Lenten,
Burrell, Wolfe & Dillman, P.C.
83 Wooster Heights
P.O. Box 3499
Danbury, CT 06810-3499

Jeffrey Sienkiewicz, Esq.
Sienkiewicz & McKenna
P.O. Box 786
New Milford, CT 06776

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Sue Quinn Cobb, Esq.
Office of the Attorney General
55 Elm Street
Hartford, CT 06776

Richard Street, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

Loretta E. Bonos
594 Bendview Drive
Charleston, WV 25314-1547

Robert A. Slavitt, Esq.
Slavit, Connery & Vardamis
618 West Avenue
Norwalk, CT 06850

David Elliott, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

James R. Fogarty, Esq.
Fogarty, Cohen, Selby & Nemiroff LLC
88 Field Point Road
P.O. Box 2508
Greenwich, CT 06836-2508

Jerry Strauss, Esq.
Hobbs, Strauss, Dean & Walker
2120 L Street, NW
Washington, DC 20037

Judith Shapiro, Esq.
6856 Eastern Avenue, NW
Suite 206
Washington, D.C.  20021

Michael J. Burns, Esq.
57 Pratt Street, Suite 604
Hartford, CT 06103

Scott Keep, Esq.
Barbara Coen, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW - Mailstop 6456
Washington, D.C.  20240

JOHN B. HUGHES
ASSISTANT U.S. ATTORNEY
157 Church Street
New Haven, Ct 06508
(203)821-3700

cc:
James Upton
General Litigation Section
Environmental & Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, DC 20004-0663

Donald King, Chief
National Parks Service
Land Acquisition Division
Department of Interior
Appalachian National Scenic Trail
Project Office
P.O. Box 908
1314 Edwin Miller Boulevard
Martinsburg, WV 25401

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT  *FILED*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Feb 27  3 16 PM '04 |
| PLAINTIFF, | : | U.S DISTRICT COURT NEW HAVEN, CONN. |
| V. | : |  |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, ET AL., | : | CIVIL NO. H-85-1078(PCD) |
| DEFENDANTS. | : |  |

* * * * * * * *

*RECEIVED*

*MAR 1 6 2004*

*McCarter & English*

|  |  |  |
|---|---|---|
| SCHAGHTICOKE TRIBAL NATION, | : |  |
| PLAINTIFF, | : |  |
| V. | : |  |
| KENT SCHOOL, | : | CIVIL NO. 3:98CV01113(PCD) |
| DEFENDANTS. | : |  |

* * * * * * * *

|  |  |  |
|---|---|---|
| SCHAGHTICOKE TRIBAL NATION, | : |  |
| PLAINTIFF, | : |  |
| V. | : |  |
| CONNECTICUT LIGHT & POWER, | : | CIVIL NO. 3:00CV00820(PCD) |
| DEFENDANTS. | : |  |

## ~~[PROPOSED]~~ AMENDED ORDER

The Stipulated Scheduling Order entered by the Court on May 9, 2001 is hereby amended to modify paragraph (k) to read as follows:

9

(k) Any request for judicial review of the final decision under the Administrative Procedure Act by any party or *amici* to these cases shall be filed within 90 days of its effective date and shall be filed in this court as a case related to the above-captioned cases.

The balance of the Order, as previously amended, shall remain in effect.


SO ORDERED.

Dated at New Haven, Connecticut, February 27, 2004.

_____
Peter C. Dorsey
Senior United States District Judge

10

85-1078 RLG

238

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

2009 JUN 14  P 4: 50

NEW HAVEN, CONN.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | : | |
| | : | |
| v. | : | Case No: H-85-1078 (PCD) |
| | : | |
| 43.47 ACRES OF LAND, MORE OR<br>LESS, SITUATED IN THE COUNTY OF<br>LITCHFIELD, TOWN OF KENT, ET AL.,<br>Defendants | : | |
| | : | |
| SCHAGHTICOKE TRIBAL NATION<br>Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:98cv1113 (PCD) |
| | : | |
| KENT SCHOOL<br>Defendant, | : | |
| | : | |
| SCHAGHTICOKE TRIBAL NATION<br>Plaintiff, | : | |
| | : | Case No. 3:00cv820 (PCD) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA AND<br>CONNECTICUT LIGHT AND POWER<br>COMPANY<br>Defendants. | : | |

## RULING ON MOTION TO AMEND SCHEDULING ORDER

The Schaghticoke Tribal Nation ("Tribe") moves to amend [Doc. Nos. 231, 156, 69] the

May 9, 2001 Scheduling Order.  For the reasons stated herein, The Tribe's motion is **granted**.

I.    **BACKGROUND:**

On March 17, 2004, Connecticut Attorney General Richard Blumenthal and

1

6/14/04

representatives from other states attended a meeting with Secretary of the Interior Gale Norton and members of her staff. One of the topics to be discussed, in general terms, at this meeting was possible reform of the tribal recognition process. While in attendance, Blumenthal delivered to Secretary Norton a letter detailing various concerns about the recognition process as it pertained specifically to the Schaghticoke matter, including issues related to the administrative appeal.[1] Additionally, the Tribe contends that Blumenthal engaged in a private conversation with Secretary Norton concerning the merits of the Tribe's position and requesting a moratorium on the Tribe's recognition proceedings, including the pending appeal. In its opposition brief, Amicus Connecticut contends that while Blumenthal did engage in some discussion with Secretary Norton, it was limited in substance to the contents of the letter.[2]

## II.    DISCUSSION:

The Scheduling Order here at issue states that

> No non-federal party or *amici* shall communicate or meet with any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior or the Deputy Commissioner of Indian Affairs with respect to this petition, without notification to the other parties.

The Tribe contends that Blumenthal's actions violated the provisions of the Scheduling Order and requests that it be revised such that it requires advance notice of any such communications

---

[1]    An administrative appeal involving recognition of the Schaghticoke tribe is currently pending within the Department of the Interior before the Bureau of Indian Affairs.

[2]    The Tribe's information concerning the private conversation with Secretary Norton purportedly comes from a press release issued by Blumenthal. Mot. to Amend at 4, *citing* March 17, 2004 Press Release. The Press Release is not attached as an exhibit and the record does not independently verify this account. However, Amicus Connecticut's characterization of the event does not rebut the Tribe's contentions. Considering that the letter requests the aforementioned moratorium, see Amicus CT Mem. Opp. Mot. to Amend, Exh. B, the assertion that only the letter was discussed does not deny the Tribe's assertions, but merely more favorably rephrases the description.

2

and to read:

No non-federal party or *amici* shall communicate or meet with any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior or the Deputy Commissioner of Indian Affairs with respect to this petition, without two business days prior notification to the other parties.

Amicus Connecticut and Defendant Kent oppose the amendment contending that Blumenthal did not violate the scheduling order because copies of the letter were mailed to the other parties on March 17, 2004 and faxed to them on March 18, 2004.[3]

The Oppositions' arguments fail for two reasons. First, considered abstractly, in order to be effective and meaningful, notice of a particular course of action must be given prior to its occurrence. Without prior notice, a party's ability to respond in a timely manner may be impaired. Second, the inappropriate nature of the specific circumstances here at issue demonstrate the necessity of prior notification. Without any party to this matter being present, Blumenthal affirmatively contacted and met with Secretary Norton, the head of the agency currently hearing an appeal in which Blumenthal has an interest, about the very subject matter of that appeal. Such conduct, at the very least, appears improper and thus threatens to subvert the integrity of the appeal process itself. Further, it permitted no opportunity to the Tribe to counter the presentation to Secretary Norton. The parties to the action should have been provided with advance notice so as to have had the opportunity to contemporaneously submit any desired rebuttal or voice their objection to Blumenthal's presentation which is therefore found to be within the Scheduling Order and not in compliance with the notice requirement. The argument

---

[3] The opposition briefs also devote some time to explaining the particular events that gave rise to the various concerns with the recognition process reflected in the letter. These events are entirely irrelevant to whether the Scheduling Order was violated and have no bearing on the merits of the Tribe's motion.

that advance notice is not required by the Scheduling Order is without merit.

**III.    CONCLUSION:**

For the reasons stated herein and to avoid specious future non-compliance, the Tribe's

motion to amend [Doc. Nos. 231, 156, 69] is **granted**.  The Scheduling Order shall be amended

as requested and quoted above.

SO ORDERED.

Dated at New Haven, Connecticut, June /Y, 2004.

_____
Peter C. Dorsey, U.S. District Judge
United States District Court

4