**EXHIBIT 3**



# United States Department of the Interior
OFFICE OF THE SECRETARY
Washington, DC 20240



**MAY 23 2005**

Mr. Richard L. Velky
Schaghticoke Road
P.O. Box 893
Kent, Connecticut 06757

Dear Mr. Velky:

On May 12, 2005, the Interior Board of Indian Appeals (IBIA) issued its decision in, *In re Federal Acknowledgment of the Schaghticoke Tribal Nation* [STN]. In this case, the IBIA vacated the final determination of the Principal Deputy Assistant Secretary – Indian Affairs to acknowledge the petitioner as an Indian tribe and remanded it to the Assistant Secretary – Indian Affairs "for further work and reconsideration," pursuant to 25 CFR §83.11(e)(10). The IBIA also described alleged grounds for reconsideration that are outside its jurisdiction, which were referred for consideration as appropriate. Inquiries have been received from representatives of STN and the Town of Kent concerning how the Department will handle the reconsidered final determination.

Under 25 CFR §83.11(g)(1), the Office of the Assistant Secretary shall issue a reconsidered final determination within 120 days of receipt of the IBIA's decision. The Assistant Secretary's office received this remand on May 13, 2005. On May 13, 2005, that office also received the IBIA remand in, *In re Federal Acknowledgment of the Historical Eastern Pequot Tribe* [HEP]. The due date to issue these two reconsidered final determinations is Monday, September 12, 2005 (120 days from May 13, 2005, lands on Saturday, May 10, 2005, and, thus, the deadline is moved to the next business day).

During this 120-day period, no technical assistance or consultation will be available to the petitioners and interested parties. Unsolicited arguments, evidence, comments, and briefings from the petitioners and interested parties will not be accepted. The petitioners, third parties, and their representatives should not contact the Associate Deputy Secretary or any other Department official who may have been delegated authority to decide matters concerning these acknowledgment petitions during this 120-day reconsideration period; nor contact the researchers in the Office of Federal Acknowledgment who are assigned to the reconsidered final determination. Persons may contact the Director of the Office of Federal Acknowledgment regarding the status of the reconsideration.

Under 25 CFR §83.11(h)(3), the reconsidered determination shall be final and effective upon publication of the notice of the reconsidered determination in the Federal Register.

A one-page fax was received from the STN that does not indicate whether it was served on all parties in compliance with the Court-approved negotiated settlement order. A copy of this fax is enclosed. Should you have any questions regarding the status, please direct them in writing to Mr. R. Lee Fleming, Director, Office of Federal Acknowledgment, 1951 Constitution Avenue, N.W., MS 34B-SIB, Washington, D.C. 20240.

Sincerely,

*[signature]*

**Acting** Principal Deputy Assistant Secretary – Indian Affairs

cc:   STN interested parties, w/enclosure

# STN Questions about Reconsideration Procedures

1. Can STN meet with OFA? If so, how soon? Do we need to make a written request?

2. Who will be the OFA team for STN reconsideration?

3. Can STN send its Tribal representative or legal counsel to all meetings concerning STN?

4. Will new evidence be accepted that clarifies specific issues raised and discussed by the Vacate and Remand for Reconsideration issued on May 12, 2005?

5. On November 29, 2004 and March 18, 2005 briefs with documentation were submitted to IBIA/OFA, were those documents reviewed and/or considered?

6. What methodology was used by the BIA to calculate STN's endogamy rate to a drop of 50%?

7. Please give the specific dates that cover the 120 day, time-period.
Will Reconsideration for STN & HEP take place at the same time, or will they be staggered?

8. On December 2, 2004 we received a letter from the Solicitor and in the final paragraph it states for the IBIA not to affirm STN without further clarification. What do we need to do?

9. The Interested Parties referenced in the IBIA Vacate and Remand, does STN have to address them?

10. Did IBIA request that OFA provide technical assistance in deciding the appeal of the STN FD?