UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | |
| 43.47 ACRES OF LAND, MORE OR LESS,<br>SITUATED IN THE COUNTY OF<br>LITCHFIELD, TOWN OF KENT, ET AL.,<br>    Defendants. | : <br> : <br> : <br> : | CIVIL NO. H-85-1078(PCD) |

********

| | | |
|---|---|---|
| SCHAGHTICOKE TRIBAL NATION,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | |
| KENT SCHOOL,<br>    Defendants. | : <br> : | CIVIL NO. 3:98CV01113(PCD) |

********

| | | |
|---|---|---|
| SCHAGHTICOKE TRIBAL NATION,<br>    Plaintiff, | : <br> : <br> : | |
| v. | : <br> : | |
| CONNECTICUT LIGHT & POWER,<br>    Defendants. | : <br> : | CIVIL NO. 3:00CV00820(PCD) |

UNITED STATES' RESPONSE TO
SCHAGHTICOKE TRIBAL NATION MOTION TO AMEND SCHEDULING ORDER

    The United States opposes the Schaghticoke Tribal Nation (STN) motion to amend the May 8, 2001, Scheduling Order in this litigation. In the alternative, the United States proposes a method and schedule to address many of the concerns raised by STN, balanced with the concerns

of the other defendants, *amici* and interested parties in obtaining a reasonably prompt final and effective agency decision and with the existing commitments of the Office of Federal Acknowledgment (OFA) to other petitioners, including some in litigation. The alternative proposal maintains, essentially intact, the existing Scheduling Order in these proceedings.

The results of the previous negotiations among the parties under ¶(j) of the Scheduling Order was that the reconsideration process provided for under 25 C.F.R. § 83.11 would be available to the parties. STN now seeks to have the court modify the administrative process provided for in § 83.11 when that process is not yet complete. Its motion should be denied.

## FACTUAL OVERVIEW

Consistent with the negotiated Scheduling Order, interested parties filed requests for reconsideration of the final determination to acknowledge the STN before the Interior Board of Indian Appeals (IBIA). One of the numerous grounds raised in the requests for reconsideration concerned how the final determination on the STN calculated marriage rates for purposes of the community and political authority criteria during certain specified time periods.

The OFA filed with the IBIA the searchable administrative record, previously provided to the parties on CD-ROM. The OFA also provided written technical assistance to IBIA delineating where issues raised in the requests for reconsideration were discussed in the proposed finding and final determination on the STN, and instructing the IBIA on how to search the administrative record by topic. The STN then responded to the requests for reconsideration.

On December 2, 2004, the OFA filed a written Supplemental Transmittal. Exh. B, accompanying STN Motion to Amend Scheduling Order ("STN Motion"). This Supplemental Transmittal delineated the pages in prior acknowledgment decisions where marriage rates were

analyzed and how the rates were counted, which contrasted with the analysis and calculation of rates utilized in the final decision on STN. The timing of the Supplemental Transmittal treated all parties the same. The IBIA did not request additional briefing on this issue from any of the parties, nor additional technical assistance from OFA. The IBIA did not grant or deny STN's motion for technical assistance from OFA.

The IBIA, on May 12, 2005, vacated the final determination on the STN and remanded it to the Assistant Secretary for further work and reconsideration, 25 C.F.R. § 83.11(e)(10). *In re Federal Acknowledgment of the Schaghticoke Tribal Nation,* 41 IBIA 30 (2005), Exh. A, STN Motion. The IBIA held that the State of Connecticut's "implicit" recognition of the STN as a distinct political body is not reliable or probative evidence as used in the final determination. *Id.* at 34. The IBIA vacated the final determination on that ground. *Id.* Then, referencing that OFA acknowledged problems in the final determination's marriage rate calculation, IBIA provided that the marriage rate matter was best left to the Assistant Secretary on reconsideration. *Id.* at 36. The IBIA also referred other issues outside its jurisdiction to the Assistant Secretary.

By letter dated May 23, 2005, the Acting Principal Deputy Assistant Secretary - Indian Affairs set forth procedures governing the administrative process on reconsideration. Exh. F, STN Motion. This letter informed the parties that no unsolicited briefs, arguments, analysis, or evidence would be accepted. These procedures are consistent with the regulations.

The regulations do not expressly provide for, nor prevent, briefing before the Assistant Secretary when a final determination is vacated by the IBIA and remanded for reconsideration. 25 C.F.R. § 83.11(g). These regulatory procedures contrast with the procedures provided in the regulations when IBIA affirms the final determination and refers issues to the Secretary, where a

maximum of 45 days of briefing on whether any or all of the issues should be referred to the Assistant Secretary is allowed. 25 C.F.R. § 83.11(f)(4). Here, since the IBIA vacated the STN determination, all issues outside the IBIA's jurisdiction are before the Assistant Secretary and the purpose of the briefing provided for in 25 C.F.R. § 83.11(f)(4) has been met.

On June 1, 2005, in response to a follow up inquiry by STN, Assistant U.S. Attorney John B. Hughes, informed counsel for STN (and by copy all counsel of record and interested parties) of the Department's compliance with the regulatory procedures and the Scheduling Order of this court. Exh. E, STN Motion.

## ARGUMENT

The STN acknowledges that the regulations do not require briefing before the Assistant Secretary after a remand by the IBIA for reconsideration . STN Motion at 12. Therefore, the Department is following the procedures under the regulations consistent with the negotiated Scheduling Order. The Scheduling Order should not be modified.

The STN, however, reaches further back in the administrative process and argues that since it was not permitted to file a response to the Supplemental Transmittal before the IBIA, that it is being denied meaningful participation in the administrative process, raising the specter of a violation of due process and a taking, unless it can file a brief now. STN Motion at 11-12, 13, 18-21.[1] Thus STN proposes to have the court order a technical assistance meeting or

---

[1] *Miami Nation of Indians of Indiana v. Babbitt,* 887 F. Supp. 1158, 1174-1175 (N.D. Ind., 1995), *aff'd, Miami Nation of Indians of Indiana v. U.S. Department of the Interior,* 255 F.3d 342 (7th Cir. 2001), *cert. denied*, 534 U.S. 1129 (2002), addresses due process and the Federal acknowledgment regulations. The court noted that the Supreme Court has never held that applicants for benefits, as distinct from those already receiving them, have a legitimate claim of entitlement protected by the due process clause. The court noted that the protected property interest in the *Greene* litigation, cited by STN, was "because its members had been receiving

meetings between OFA and the parties, where OFA explains what it "did, is doing, or proposes to do."[2]  STN then proposes 90 days of briefing, followed by 30 days for the agency to issue a reconsidered decision.  STN proposes such procedures in order to "remedy" what it perceives to be defective procedures.  STN's proposal is excessive and unworkable given OFA's responsibilities to other petitioners, and unnecessarily interjects the court in the administrative process.

STN ignores the fact that it had the opportunity to respond to every argument raised before the IBIA in the various requests for reconsideration, including the arguments made by interested parties on marriage rates and on all issues raised that were outside the IBIA's jurisdiction.  The record before the IBIA is part of the record now before the Assistant Secretary in the reconsideration process.

STN argues also that "to rest the [reconsidered] decision on information to which STN is denied access violates the most basic principles of fundamental fairness."  STN Motion at 2.  But, the agency has not withheld any documents from the parties.  Consistent with the Scheduling Order ¶(h), all documents in the record for the final determination were provided to all parties.  All documents filed with the IBIA by OFA were served on all parties.  STN admits that it has the raw data and the conclusions of OFA's analysis, but seeks to understand what methods and assumptions were used in the now vacated final determination.  STN Motion at 7 n.6.  STN admitted in a motion for clarification which it filed before the IBIA that the regulations

---

federal benefits."  *Id.* at 1175 n.4.  *See Greene v. Babbit*, 64 F.3d 1260, 12771-72 (9th Cir. 1995).

[2]  Until the Assistant Secretary issues a reconsidered decision, what the agency "proposes to do" is hypothetical, and what it "is doing" is protected by deliberative process privilege.

do not address technical assistance to the parties before IBIA. Exh. D at unnumbered page 4, STN Motion. STN admits also that the regulations "are silent on the petitioner's ability to obtain technical assistance during this phase of the process." STN Motion at 12. Nor do the regulations provide for (or preclude) technical assistance at the reconsideration stage of the administrative process where the agency is to issue a reconsidered decision in 120 days.

The STN acknowledges that the December 2, 2004, Supplemental Transmittal may not even affect whether the reconsidered decision favors acknowledgment or not. Exh. E at 2, quoting STN Reply brief filed before the IBIA at 5. Therefore, there is no necessity for the court to get involved at this point in the process because there may not be any adverse consequences to STN.

However, if the court were inclined to modify the Scheduling Order, the United States proposes an alternative Proposed Amended Order to that which is attached to STN's Motion as Exh. G. which would set forth the following:

- OFA will provide a technical assistance letter to all parties on or before July 11, 2005, concerning the marriage rate analysis in the final determination.
- Parties may submit to OFA by July 25, 2005, historical documents or historical evidence concerning marriages of Schaghticoke members, as well as any specific document(s) requested in the technical assistance letter. Copies must be provided at the same time to the parties in accordance with ¶ (p) of the Scheduling Order.
- Parties may submit briefs by August 12, 2005, not to exceed 25 pages in length providing argument and analysis. No new evidence may be submitted with the briefs.

6

- This proposal and time line will require additional time by the Department to issue the reconsidered decision. The Assistant Secretary will administratively extend the time frame for issuing the decision to October 12, 2005.

The foregoing procedures balance the request of STN to file additional argument and evidence in response to the Supplemental Transmittal concerning the marriage rate analysis with the expressed interest of interested parties in a reasonably prompt reconsidered decision, while accommodating the existing commitments of, and demands on, OFA staff. While this alternative proposal provides for technical assistance it will be in letter form (rather than an in person meeting with its attendant problems of scheduling etc.) and be limited to guidance on the marriage rate issue. The opportunity to file additional documents will also be limited to historical documents related to the marriage rate issue, not previously provided or any specifically requested by OFA. The briefing will be simultaneous with no reply briefs and will be concluded by August 12, 2005. This alternative proposal will require the Assistant Secretary to administratively extend the time frame for issuing the decision on reconsideration by thirty days from September 12 to October 12, 2005 in contrast to the STN proposed order that allows for 90 days of briefing and a decision on reconsideration by November 15, 2005. Due to the imminent dates upon which the United States' alternative proposal commences, the Court is urged to rule on the STN Motion (which it requested be expedited) in sufficient time to allow for the transmission of a technical assistance letter by July 11, 2005.

CONCLUSION

       The court should deny STN's motion to amend the scheduling order. In the alternative, the Court should amend the scheduling order to adopt the alternative schedule and procedures delineated above.

                                                                   Respectfully submitted,

                                                                   JOHN H. DURHAM
                                                                   ACTING UNITED STATES ATTORNEY

                                                                   JOHN B. HUGHES
                                                                   ASSISTANT U.S. ATTORNEY
                                                                   FED. BAR NO. ct05289
                                                                   157 CHURCH STREET
                                                                   NEW HAVEN, CT 06510
                                                                   (203)821-3700

## CERTIFICATION

This is to certify that a copy of the within and foregoing United States' Response to Schaghticoke Tribal Nation Motion to Amend Scheduling Order was mailed, postage prepaid, this day of June, 2005 to:

Eric Watt Wiechmann, Esq.
CityPlace I
185 Asylum Street
Hartford, CT 06103-3495

Jeffrey Sienkiewicz, Esq.
Sienkiewicz & McKenna
P.O. Box 786
New Milford, CT 06776

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
P.O. Box 231277
Hartford, CT 06123-1277

Sue Quinn Cobb, Esq.
Office of the Attorney General
55 Elm Street
Hartford, CT 06776

Richard Street, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

Loretta E. Bonos
594 Bendview Drive
Charleston, WV 25314-1547

David Elliott, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

James R. Fogarty, Esq.
Fogarty, Cohen, Selby & Nemiroff LLC
88 Field Point Road
P.O. Box 2508
Greenwich, CT 06836-2508

Jerry Strauss, Esq.
Hobbs, Strauss, Dean & Walker
2120 L Street, NW
Washington, DC 20037

Judith Shapiro, Esq.
6856 Eastern Avenue, NW
Suite 206
Washington, D.C.  20021

Michael J. Burns, Esq.
57 Pratt Street, Suite 604
Hartford, CT 06103

Scott Keep, Esq.
Barbara Coen, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW - Mailstop 6456
Washington, D.C.  20240

 

JOHN B. HUGHES
ASSISTANT U.S. ATTORNEY
157 Church Street
New Haven, Ct 06508
(203)821-3700