UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,* | : CIVIL ACTION<br>: Case No: H-85-1078 (PCD)<br>: |
| v. | : |
| 43.47 ACRES OF LAND, MORE OR<br>LESS, SITUATED IN THE COUNTY OF<br>LITCHFIELD, TOWN OF KENT, ET AL,<br>*Defendants,* | :<br>:<br>:<br>: |
| SCHAGHTICOKE TRIBAL NATION<br>*Plaintiff,* | : CIVIL ACTION<br>: Case No: 3:98cv1113 (PCD) |
| v. | : |
| KENT SCHOOL<br>*Defendant,* | : |
| SCHAGHTICOKE TRIBAL NATION<br>*Plaintiff,*<br>v. | :<br>: CIVIL ACTION<br>: Case No. 3:00cv0820 (PCD) |
| UNITED STATES OF AMERICA AND<br>CONNECTICUT LIGHT AND POWER<br>COMPANY<br>*Defendants.* | :<br>:<br>:<br>: JULY 22, 2005 |

## MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER

Pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure, the non-party deponents, TOWN ACTION TO SAVE KENT, INC., KENNETH F. COOPER and JAMES N. PERKINS, move to quash the subpoenas duces tecum issued by Schaghticoke Tribal Nation, which seek both the depositions of these three

**ORAL ARGUMENT REQUESTED**

non-party deponents and demands that each produce certain documentation. The three non-party deponents alternatively seek a protective order limiting the scope of discovery and barring the production of the multitudinous, burdensome documents sought to be produced.

The three non-party deponents were not and are not parties or amicis to the instant action and, therefore, are not subject to the Court's amended scheduling order, dated May 8, 2001 prohibiting meetings or contacts with officials of the Department of the Interior.

Pursuant to its motion dated February 17, 2005, Schaghticoke Tribal Nation sought permission to conduct limited discovery. In its conclusion, Schaghticoke Tribal Nation specifically stated: "Based on the foregoing, the Tribe respectfully requests that the Court allow it to conduct limited discovery concerning (1) The extent of the partys' or amici's involvement in TASK, including formation of its policies, its decision to hire a lobbying firm and any donations of money or other support; and (2) the extent of TASK's conduct in contacting employees and/or officials of the Department of Interior through lobbying firms or otherwise."

Schaghticoke Tribal Nation, therefore, sought a Court order permitting "limited" discovery.

On May 20, 2005, the U.S. District Judge ordered that the Schaghticoke Tribal Nation's Motion for Permission to Conduct Limited Discovery was granted "for the purpose of determining whether the Court's Scheduling Order prohibition on meeting or contacting officials of the Department of the Interior has been violated." Thus, the Court's order permitted limited discovery to determine whether any party to the District Court Litigation or amici had any meetings or contact with officials of the Department of the Interior.

The Court's order, therefore, placed a limitation on the scope of discovery permitted as it relates to

~ 2 ~

TASK and its members including James N. Perkins and Kenneth F. Cooper, pursuant to Rule 26(b)(2) of the Federal Rules of Civil Procedure.

The pertinent part of the Court's amended Scheduling Order, dated June 14, 2004, states: "No non-federal party or amici shall communicate or meet with any officials in the immediate Office of the Secretary of the Interior, the Assistant Secretary of the Interior or the Deputy Commissioner of Indian Affairs with respect to this petition, without two business days prior notification to the other parties."

The non-party deponents object to the production demands set forth in the subpoenas as overly broad and well beyond the Court's order limiting discovery to whether the parties or amici violated the Court's Scheduling Order pertaining to meetings or communications with certain officials of the Department of the Interior or Bureau of Indian Affairs. Copies of the Subpoenas and production demands are attached as Exhibits A, B, and C to the Memorandum filed simultaneously herewith. The non-party deponents also object to, and seek to quash, the subpoena insofar as it seeks the deposition of the three non-party deponents without limitation which would be inconsistent with the Court's order dated May 20, 2005. In addition, the production demands seek privileged, confidential business or commercial information by seeking all financial records of TASK, including any expenditures and the identification of all contributors, their addresses and the amount of each contribution including copies of all checks deposited by TASK. In addition, the production demands are overly burdensome.

A Memorandum is simultaneously filed herewith in accordance with Local Rule 7(a)1 and is incorporated herein by reference.

˘ 3 ˘

For the foregoing reasons, the above-named non-party deponents seek an order quashing all three subpoenas and/or a protective order requiring discovery to be limited to and to comply with the Court's May 20, 2005 order limiting discovery to a very specific issue or issues.

The undersigned counsel for the three non-party deponents has made a good faith effort to resolve this discovery dispute with counsel for Schaghticoke Tribal Nation, David Reif, but has been unable to resolve the issues with Attorney Reif in a timely manner. (See Rule 37(a)2 Affidavit of Counsel attached hereto.)

The subpoenas issued to TASK and James N. Perkins were served upon those nonparties on July 8, 2005. If Kenneth Cooper was served at all, it was subsequent to that date.

> THE NON-PARTY DEPONENTS,
> JAMES N. PERKINS, KENNETH F.
> COOPER AND TOWN ACTION TO
> SAVE KENT, INC.
>
> By_____
> Thomas W. Beecher (ct 11397)
> E-Mail: tbeecher@chgjtlaw.com
> COLLINS, HANNAFIN, GARAMELLA,
> JABER & TUOZZOLO, P.C.
> 148 Deer Hill Avenue
> Danbury, CT 06810
> Their Attorneys
> Telephone: (203) 744-2150
> Facsimile : (203) 791-1126

## CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing **Motion to Quash Subpoena and for a Protective Order** has been mailed, postage prepaid this 22nd day of July, 2005 to:

John B. Hughes, Esq.
Chief of Civil Division
United States Attorneys Office
157 Church Street, Floor 23
New Haven, CT 06510

Judith A. Shapiro, Esq.
6856 Eastern Avenue NW, Suite 206
Washington, DC 20012

David J. Elliot, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Loretta Bonos
594 Bendview Drive
Charleston, WV 25314

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box 786
New Milford, CT 06776-0786

Michael J. Burns, Esq.
Law Offices of Attorney Michael J. Burns
57 Pratt Street
Hartford, CT 06103

Jerry C. Straus, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW
Washington, DC 20037

Giovanna Tiberii Weller, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

Robert A. Slavitt, Esq.
Slavitt, Connery, & Vardamis
618 West Avenue
Norwalk, CT 06850

James R. Fogarty, Esq.
Fogarty Cohen Selby & Nemiroff
88 Field Point Road, P.O. Box 2508
Greenwich, CT 06836-2508

Susan Quinn Cobb, Esq.
Asst. Attorney General
55 Elm Street
Hartford, CT 06141

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123

Renita Ford, Esq.
General Litigation Section
Environmental & Natural Resources Division
United States Department of Justice
Post Office Box 663
Washington, DC 20004-0663

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW, Mailstop 6456
Washington, D.C. 20240

Eric W. Wiechmann, Esq.
David Reif, Esq.
Salvatore N. Fornaciari, Esq.
185 Asylum Street
Hartford, CT 06103

                                                      /s/ Thomas W. Beecher
Thomas W. Beecher (ct 11397)

~ 6 ~

## UNITED STATE DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff,* | : CIVIL ACTION<br>: Case No: H-85-1078 (PCD) |
| v. | |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, ET AL,<br>    *Defendants,* | |
| SCHAGHTICOKE TRIBAL NATION<br>    *Plaintiff,* | : CIVIL ACTION<br>: Case No: 3:98cv1113 (PCD) |
| v. | |
| KENT SCHOOL<br>    *Defendant,* | |
| SCHAGHTICOKE TRIBAL NATION<br>    *Plaintiff,*<br>v. | : CIVIL ACTION<br>: Case No. 3:00cv0820 (PCD) |
| UNITED STATES OF AMERICA AND CONNECTICUT LIGHT AND POWER COMPANY<br>    *Defendants.* | : JULY 21, 2005 |

### AFFIDAVIT OF THOMAS W. BEECHER

STATE OF CONNECTICUT   )
                              ) ss: Danbury
COUNTY OF FAIRFIELD     )

The undersigned, being duly sworn, deposes, certifies, and says that:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. This affidavit is prepared in accordance with requirements of Local Rule 37(a)2.

3. The undersigned counsel along with Attorney Francis J. Collins from the undersigned's law firm conferred with Attorney David Reif who issued the three subpoenas to the three non-party deponents on behalf of Schaghticoke Tribal Nation prior to July 15, 2005 in an effort to arrive at an agreement as to the scope of the depositions and production requests.

4. On July 15, 2005, the undersigned counsel proposed in writing certain limitations pertaining to the document requests directed at the three non-party deponents and suggesting a limitation upon the scope of the depositions pertaining to TASK and its members.

5. On Tuesday, July 19, 2005, the undersigned counsel followed up with Attorney Reif to see if any consensus could be reached, but Attorney Reif had not yet had an opportunity to review the same.

6. Between the telephone conference and the written suggested changes, counsel has discussed the discovery issues in detail in a good faith effort to eliminate or reduce the area of controversy and to arrive at a mutually satisfactory resolution.

7. Unfortunately, counsel had not been able to reach such an agreement in a timely manner.

_____
Thomas W. Beecher,

Subscribed and sworn to before me this 21st day of July, 2005.

_____
Alice-Anne Ronzo
Notary Public
My Commission Expires: 1/31/09