<u>EXHIBIT A</u>

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

——— DISTRICT OF ———
CONNECTICUT

UNITED STATES OF AMERICA

V.

43.47 ACRES OF LAND, MORE OR LESS,
SITUATED IN THE COUNTY OF
LITCHFIELD, TOWN OF KENT, ET AL.,
(See Attached Caption Sheet)

## SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1]
H-85-1078 (PCD)
3:98-CV-01113 (PCD)
3:00-CV-0820 (PCD)

TO:   TOWN ACTION TO SAVE KENT, INC.
91 Flat Rock Road, South Kent, CT 06785

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   McCarter & English, LLP, CityPlace I<br>185 Asylum Street, Hartford, CT 06103 | DATE AND TIME<br>July 18, 2005<br>9:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Notice of Deposition

| PLACE   McCarter & English, LLP CityPlace I<br>185 Asylum Street, Hartford, CT 06103 | DATE AND TIME<br>July 18, 2005<br>9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   Attorney for Plaintiff<br>Schaghticoke Tribal Nation | DATE<br>7/1/05 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David A. Reif, McCarter & English, LLP
CityPlace I, 185 Asylum Street, Hartford, CT 06103     860/275-6700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA )
)
Plaintiff, ) CIVIL ACTION
) NO. H-85-1078(PCD)
v. )
)
43.47 ACRES OF LAND, MORE OR LESS, )
SITUATED IN THE COUNTY OF )
LITCHFIELD, TOWN OF KENT, et al, )
)
Defendants. )
) * * * * * * * * *
SCHAGHTICOKE TRIBAL NATION )
)
Plaintiff, ) CIVIL ACTION
) NO. 3-98-CV 01113 (PCD)
v. )
)
KENT SCHOOL CORPORATION, INC., et )
al )
Defendants. )
)
SCHAGHTICOKE TRIBAL NATION ) * * * * * * * * *
)
Plaintiff, ) CIVIL ACTION
) NO. 3-00-CV 0820 (PCD)
v. )
)
THE UNITED STATES OF AMERICA AND )
THE CONNECTICUT LIGHT AND )
POWER COMPANY, et al )
Defendants. )

## NOTICE OF VIDEOTAPED DEPOSITION OF TOWN ACTION TO SAVE KENT, INC.

PLEASE TAKE NOTICE that Plaintiff Schaghticoke Tribal Nation will take the videotaped deposition of a representative of Town Action to Save Kent, Inc. ("TASK"), pursuant to Rules 30(b)(6) and 30(b)(2)of the Federal Rules of Civil Procedure on **Monday, July 18, 2005, at 9:00 a.m**. before a notary public or other officer authorized to administer oaths by law, at the offices of McCarter & English, LLP, CityPlace I, 185 Asylum Street, 36th Floor, Hartford, CT 06103. The deposition will be conducted upon oral examination and will be recorded stenographically.

The deponent is also requested to produce and permit for inspection at the deposition, the documents specified in Schedule A, attached hereto.

Pursuant to the provisions of Fed. R. Civ. P. 30(b)(6), TASK shall identify a person or persons to testify on its behalf as to the following matters:

1.      The purposes for the formation of TASK.

2.      All meetings or other communications held in connection with the formation of TASK.

3.      Attendees at any meeting resulting in the formation of TASK.

4.      All contributors to TASK and the source of all funds.

5.      All membership of TASK.

6.      All communications since June 14, 2004 by any officer, director, partner or employee of or consultant to TASK with any official or employee of the United States Department of the Interior relating to proceedings for the recognition of the STN and/or IBIA Proceedings No. 04-83-A, No. 04-94-A, No. 04-95-A, No. 04-96-A, and No. 04-97-A.

7.    All communications since June 14, 2004 by any officer, director, partner or employee of or consultant to TASK with any United States Senator or Representative, any employee of the United States Senate or House of Representatives or of any committee thereof, relating to proceedings for the recognition of the STN and/or IBIA Proceedings No. 04-83-A, No. 04-94-A, No. 04-95-A, No. 04-96-A, and No. 04-97-A.

8.    All communications since June 14, 2004 by any officer, director, partner or employee of or consultant to TASK with any employee or official of the State of Connecticut, relating to proceedings for the recognition of the STN and/or IBIA Proceedings No. 04-83-A, No. 04-94-A, No. 04-95-A, No. 04-96-A, and No. 04-97-A.

9.    All communications since June 14, 2004 by any officer, director, partner or employee of or consultant to TASK with any person or entity relating to proceedings for the recognition of the STN and/or IBIA Proceedings No. 04-83-A, No. 04-94-A, No. 04-95-A, No. 04-96-A, and No. 04-97-A.

10.    Any communications since June 14, 2004  between any officer, director, partner or employee of or consultant to Barbour, Griffith & Rogers, LLC ("BR&G") and any officer, director, partner or employee of or consultant to TASK, including, but not limited to,

A.    the attendees at any conference, meeting or presentation;

B.    all documents presented at or prepared for the purpose of or as a result of such conference, telephone conference, meeting or presentation;

C.    all correspondence or memoranda related to the topics of any such conference, telephone conference, meeting or presentation;

D.    all presentations made at any telephone conference, conference or meeting;

-3-

E.     all discussions held at any telephone conference, conference, meeting, presentation or telephone conference;

F.     all actions taken by TASK or any person acting on its behalf as a result of decisions made at or discussions held at any conference, meeting or presentation; and

G.     all actions known to TASK to have been taken or which it was anticipated that any person would take as a result of discussions held at such conference, meeting or presentation.

11.     All strategy designed or intended to affect or influence or to attempt to affect or influence any decision of or other action by the Department of Interior in connection with the recognition of the STN as a federal tribe and/or Proceeding numbers IBIA No. 04-83-A, IBIA No. 04-94-A, IBIA No. 04-95-A, IBIA No. 04-96-A, and IBIA No. 04-97-A.

12.     All communications since June 14, 2004 in connection with the design or implementation of decisions or strategy set forth in paragraphs 10 and 11.

13.     The role of each officer, member, director, partner or employee of or consultant to TASK in connection with all communications or activities set forth above.

14.     All meetings or communications since June 14, 2004 between any current or former member of TASK and any person which related to or resulted in the retention of BRG by TASK.

15.     The role of any member of TASK in preparation for and presentation of any information or material, whether presented orally or in writing, at any public meeting relating to proceedings for the recognition of the STN as a federal tribe.

16.     Identification of all members of TASK or persons acting in cooperation with or at the request or direction of TASK who participated in or performed any services in

-4-

connection with the matters set forth above and a description, in detail, of the role played by and the services rendered by each such person.

17.     The purpose and nature of all documents set forth in the request to produce documents attached hereto and the business purpose of each such document.

18.     The procedures employed in connection with the search for, selection of, and assembly of documents produced in response to the request to produce documents attached hereto.

All counsel are invited to be present and cross-examine on behalf of their client.

THE PLAINTIFF,
SCHAGHTICOKE TRIBAL NATION
BY MCCARTER & ENGLISH LLP
ITS ATTORNEYS

By _____
Eric W. Wiechmann (CT 04337)
David Reif (CT 0024)
Salvatore N. Fornaciari (CT 22684)
185 Asylum Street
Hartford, CT 06103
(860) 275-6700 (phone)
(860) 724-3397 (fax)

-5-

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing NOTICE OF DEPOSITION OF TOWN ACTION TO SAVE KENT, INC. has been mailed, postage prepaid this 1st of July, 2005 to:

John B. Hughes, Esq.
Chief of Civil Division
United States Attorneys Office
157 Church Street, Floor 23
New Haven, CT 06510

Judith A. Shapiro, Esq.
6856 Eastern Avenue NW, Suite 206
Washington, DC 20012

David J. Elliot, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Loretta Bonos
594 Bendview Drive
Charleston, WV 25314

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box 786
New Milford, CT 06776-0786

Michael J. Burns, Esq.
Law Offices of Attorney Michael J. Burns
57 Pratt Street
Hartford, CT 06103

Jerry C. Straus, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW
Washington, DC 20037

Giovanna Tiberii Weller, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

Robert A. Slavitt, Esq.
Slavitt, Connery, & Vardamis
618 West Avenue
Norwalk, CT 06850

James R. Fogarty, Esq.
Fogarty Cohen Selby & Nemiroff
88 Field Point Road, P.O. Box 2508
Greenwich, CT 06836-2508

Susan Quinn Cobb, Esq.
Asst. Attorney General
55 Elm Street
Hartford, CT 06141

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123

Renita Ford, Esq.
General Litigation Section
Environmental & Natural Resources Division
United States Department of Justice
Post Office Box 663
Washington, DC 20004-0663

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW
Mailstop 6456
Washington, D.C. 20240

David A. Reif (CT 00242)

-6-

## SCHEDULE "A"

### INSTRUCTIONS AND DEFINITIONS

1.      This request to produce shall be continuing to the full extent permitted by law. Accordingly, if subsequent to serving a response to this request to produce, or any part thereof, you obtain or become aware of additional documents or information responsive to this request to produce, you are required to provide a supplemental response which will augment or otherwise modify the previous response.  Such supplemental responses are to be made and served upon plaintiff within thirty (30) days after you receive or become aware of such additional documents or information.

2.      Clear and exact copies of the documents specified below may be produced in lieu of originals provided that you maintain such originals in an accessible place.

3.      These requests for production of documents should be read, interpreted, and responded to in accordance with the definitions, instructions and detail required by the Connecticut Rules of Federal Procedure.

4.      "Communication" means any oral, written, or electronic transmission of information in the form of facts, opinions, belief, ideas, inquiries, or statements, including any correspondence, electronic mail, notes, memoranda, telephone calls, facsimiles, seminars, conferences, messages, conversations, meetings or discussions.

5.      "You" or "TASK" means Town Action to Save Kent, Inc. ("TASK"); its affiliates; predecessors, whether formally incorporated, unincorporated, or ad hoc; successors; officers; directors; attorneys; agents; employees; consultants; and representatives.

6.      "Barbour, Griffith & Rogers, LLC" means Barbour, Griffith & Rogers, LLC; its personnel; affiliates; predecessors; successors; officers; directors; attorneys; agents; employees; consultants; and representatives acting on its behalf.

7.      "Plaintiff" means Schaghticoke Tribal Nation, its attorneys, agents, employees and representatives acting on their behalf.

8.      "And/or" should always be construed in the manner that would include, rather than exclude, a document.

9.      "Document" or "documents" means any written, recorded, filmed or graphic matter, however produced or reproduced on paper, cards, tapes, film, electronic facsimile, electronic mail, computer storage devices or any other media, including, but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, electronic mail, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations and all copies which are different in any way from the original by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts, which are in TASK's possession, custody or control, or in the possession, custody or control of TASK, or any persons acting on TASK's behalf, including documents at any time in the possession, custody or control of such individuals or entities or known by TASK to exist.  This request shall specifically include, but not be limited to, (i) the electronic data stored on any computer, whether maintained at your office or home or maintained on any laptop or other portable computer; (ii) any PDA, Blackberry, or other device which stores appointments, memoranda, tasks, "to do" lists, and/or addresses and telephone numbers; (iii) any voicemail; and (iv) any instant message storage.

-8-

Electronic data shall be produced in native format, together with a hard copy thereof, which hard copy shall be created after preparation of media producing such material in native format.

10.    "Concerning" means consisting of, relating to, referring to, describing, evidencing, or constituting, in whole or in part.

11.    This request to produce calls for documents that were created, sent, or received during the period of June 14, 2004 to the present or which relate to activities performed or to be performed during that time period.

12.    If Deponent claims that any requested document is protected from disclosure by any privilege, Deponent shall provide a log setting forth the information required by the Federal Rule of Civil Procedure 26(b)(5). Any such claim of privilege shall not excuse the production of non-privileged information.

## DOCUMENTS TO BE PRODUCED

1.     Any and all documents, including, but not limited to, correspondence, reports, notes, memoranda and e-mail, concerning any communication, concerning TASK, Barbour, Griffith & Rogers, LLC and/or the Plaintiff, between or among any of the following: your officers, directors, members, employees, agents, or consultants; Barbour, Griffith & Rogers, LLC; Kent town officials; any official or employee in the United States Department of the Interior; any United States Representative or Senator or his or her staff; any officials of the State of Connecticut; or any other person.

2.     Your financial records, including, but not limited to, lists of all persons who have contributed any funds to you; photocopies of checks deposited to your account; financial journals; and lists of expenditures.

3.     All documents reflecting the names and/or addresses of any of your contributors, members, shareholders, officers, and/or directors.

4.     All minutes or notes or other documents taken at or prepared during, prior to, or after any meeting or public or private presentation concerning the Plaintiff, TASK and/or Barbour, Griffith & Rogers, LLC, including, but not limited to, agenda, attendance lists, and minutes.

5.     Any and all statements or testimony, whether presented orally or submitted in writing by you or on your behalf to the Town of Kent; said Town's Town Meetings or Selectmen's meetings; Barbour, Griffith & Rogers, LLC; members of the United States House of Representatives or Senate; the State of Connecticut or any official thereof; or the United States Department of the Interior or any official or employee thereof.

6.     Any and all bills showing telephone calls placed or received by TASK or on its behalf, concerning TASK, Barbour, Griffith & Rogers, LLC and/or the Plaintiff; provided, however, that all telephone records shall be provided for any telephone listed with the telephone service provider in the name of TASK.

7.     All charts, graphs, Power Point presentations, audios, videos, CDs, DVDs, or other presentations or materials prepared by or for you or Barbour, Griffith & Rogers, LLC or at your request or the request of Barbour, Griffith & Rogers, LLC concerning TASK's goals, objectives, strategy or purpose or the Plaintiff.

8.     Visual or audio reproductions of any meeting concerning TASK, Barbour, Griffith & Rogers, LLC, or the Plaintiff.

HARTFORD: 643314.02