UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff | : CIVIL ACTION NO.<br>: H-85-1078(PCD)<br>: |
|    v. | :<br>: |
| 43.47 ACRES OF LAND, MORE OR LESS,<br>SITUATED IN THE COUNTY OF LITCHFIELD,<br>TOWN OF KENT, ET AL<br>       Defendants | :<br>:<br>:<br>:<br>: |

_____

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION<br>       Plaintiff | : CIVIL ACTION NO.<br>: 3-98-CV01113(PJD)<br>: |
|    v. | :<br>: |
| KENT SCHOOL CORPORATION, INC.; ET AL.<br>       Defendants | :<br>:<br>: |

_____

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION<br>       Plaintiff | : CIVIL ACTION NO.<br>: 3-00-CV-00820 (PJD)<br>: |
|    v. | :<br>: |
| UNITED STATES OF AMERICA AND THE<br>CONNECTICUT LIGHT AND POWER COMPANY<br>       Defendants | :<br>:<br>: August 4, 2005<br>: |

_____

**MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER**

2

Pursuant to Federal Rules of Civil Procedure, Rule 45(c)(1), Rule 45(c)(1)(B), Rule 45(c)(3)(A)(iii), Rule 45(c)(3)(B)(i) and Rule 45(c)(3)(B)(ii), the non party deponent, FRANCELIA JOHNSON, moves the court to quash the subpoena duces tecum served upon her by the Schaghticoke Tribal Nation on August 2, 2005 commanding her to appear to testify at a deposition to be held on August 8, 2005.  In addition, FRANCELIA JOHNSON, moves the court to issue a protective order prohibiting the Schaghticoke Tribal Nation from obtaining discovery of documents and historical research pertaining to Schaghticoke Indians within her possession or control.  Finally, the deponent requests the imposition of sanctions as provided for in Rule 45(c)(1).

In support of this motion, the non party deponent, FRANCELIA JOHNSON, represents as follows:

1.  On August 2, 2005, the deponent was served with a subpoena duces tecum, dated July 29, 2005, indicating that the Schaghticoke Tribal Nation intended to take her deposition on August 8, 2005.  A copy of the subpoena duces tecum is attached hereto as Exhibit A.

2.  The subpoena duces tecum directs the deponent to produce

all historical documents and research in the deponent's

possession concerning the Schaghticoke Indians from the beginning

of time to the present date, and specifically requested the

production of:

1.  Any and all documents, including but not limited
to, records, books, notebooks, loose-leaf notebooks,
notes, ledgers, birth certificates, cemetery sketches,
obituaries, genealogical trees, marriage licenses or
other references to marriages and any and all other
writings or documents or historical, genealogical or
other information in your possession or custody or
under your control concerning any Schaghticoke indian
or any person of any Schaghticoke ancestry alive or
dead, including without limitation notebooks containing
genealogical information relative to the Kilson,
Harris, and Coggswell families and any other
Schaghticoke indian or any person of Schaghticoke
ancestry.

2.  Any and all documents or material concerning
marriages involving any Schaghticoke indian or any
person of any Schaghticoke ancestry during the first
half of the 19th century.

3.  Any and all documents or material concerning
marriages, births, burial locations, death, children,
divorces, church affiliations for any indian residing
in Kent, Connecticut or neighboring towns, including
those names listed in attachment 1.[1]

4.  Any and all documents or material referencing names

---

[1] Attachment 1 contains a list of apparent "marriages" involving 154
individuals, some identified as "unknown" or "Schagh.", who were apparently
married between 1748 and 1867.

of Schaghticoke tribal leaders or spokesmen for the first half of the 19th century.

5.  All documents and material comprising the Preliminary Compilation, as defined herein and in attachment 2.

4.   The subpoena duces tecum also included an extensive list of Instructions and Definitions that even more broadly defines the scope of the documents and material to be produced, and in paragraph 1, purports to impose upon the deponent a continuing duty to disclose.

5.   The deponent is an "amateur" historian who has a specific interest in individuals who have lived in Kent, Connecticut from birth to death.  In 2000, the deponent self published a book that summarized the public information available on such individuals based primarily upon a examination of the Kent records of vital statistics, based upon her personal examination of Kent cemetery headstones and, to a lesser degree, on obituaries and other documents that she has collected.  The book covered the period of 1739 through 1999 and summarized the dates of birth, marriage, marriage partner, deaths and place of burial in Kent of the individuals covered.  At least one

historian/researcher employed by the Schaghticoke Tribal Nation,
Donna Hearn, has purchased this book from the deponent.

6.   The deponent also has a more general interest in the
history of Kent and for many years has conducted general research
and collected information that touches upon Kent history,
including some information that relates to Schaghticoke Indians.

7.   The deponent has not been disclosed as an expert witness
in this matter.  To the extent that she has documents based upon
her research, investigations, collections and compilations that
are within the scope of the subpoena, such documents constitute
"confidential research" within the meaning of Rule
45(c)(3)(A)(iii) of the Federal Rules of Civil Procedure and the
subpoena should be quashed based upon said Rule.

8.   In addition, the subpoena will require disclosure of
documents and information that reflect the information, opinions
and conclusions of the deponent resulting from her research as an
unretained expert[2].  Such documents, information, opinions and

---

[2]   The Advisory Committee Notes on the 2000 amendments to Rule 702 of the
Rules of Evidence state:

> Nothing in the amendment is intended to suggest that experience
> alone - or experience in conjunction with other knowledge, skill,

conclusions do not describe any specific events or occurrences in dispute in these land claim cases. Moreover, such documents, information, opinions and conclusions resulted from the deponent's own studies and investigations, not from studies and investigations made at the request of any party. As such, the subpoena should be quashed under Rule 45(c)(3)(B)(ii) as the Schaghticoke Tribal Nation has made no showing of a substantial need for deponent's testimony and material that cannot be otherwise satisfied from the research of its own experts, historians, researchers or other investigators. See In re Air Crash at Charlotte, North Carolina on July 2, 1994, 982 F. Supp. 1086, 1089 (S.C. 1997); Mattel, Inc. v. Walking Mountain Productions, 353 F.3d 792, 813-814 (2003).

---

> training and experience - may not provide a sufficient foundation for expert testimony. To the contrary, the text of Rule 702 expressly contemplates that an expert may be qualified on the basis of experience. In certain fields, experience is the predominant, if not the sole basis for a great deal of reliable expert testimony.

Citing United States v. Jones, 107 F.3d 1147 (6th Cir. 1997) (handwriting examiner); Tassin v. Sears Roebuck, 946 F. Supp. 1241, 1248 (M.D.La. 1996) (design engineer's opinion based on facts, a reasonable investigation and traditional technical/mechanical expertise); and Kumho Tire Co. v. Carmichael, 119 S.Ct. 1167, 1178 (1999) ("no one denies that an expert might draw a conclusion from a set of observations based on extensive and specialized experience".

9.   The subpoena should also be quashed because the document
production request is unlimited in time in that it covers the
entire history of the Schaghticoke Indians; and in that it seeks
discovery of information concerning the birth, death, marriages
and other information concerning Schaghticoke Indians that should
be within the possession of the Schaghticoke Tribal Nation based
upon its own research and submissions to the Bureau of Indian
Affairs.   In order to comply fully with the subpoena, the
deponent will have to expend considerable time and effort to
search through all of her research and records, including that
research and those records that are not specifically related to
the Schaghticoke Indians but deal more generally with the history
of non-Indians and with the history of the Town of Kent.   To some
extent she will have to make judgments as to who qualifies as the
unnamed "Scahghticoke indians", unnamed "persons of any
Schaghticoke ancestry" and unnamed "indians residing in Kent" in
order to meet the document production demand set forth in
paragraphs 1, 2 and 3 of the subpoena.   As such, the subpoena and
deposition notice serve only to harass the deponent and cause an
unreasonable burden to her.   The subpoena should be quashed

pursuant to Rule 45(c)(1) and Rule 45(c)(3)(B)(ii).

10.  The subpoena is issued in violation of Rule 26(b)(1) in that the tesimony to be solicited and the documents to be produced are not reasonably calculated to lead to the discovery of admissible evidence.  The cases pending in federal court are land claim matters.  The document production request, however, relates broadly to the personal history and genealogies of the Indians at Schaghticoke.  The subpoena is directed not to the land claims matters, but rather to the discovery of information that may be pertinent to the Schaghticoke Tribal Nation's ancillary petition for federal acknowledgment now pending before the Bureau of Indian Affairs.  The evidentiary record in that administrative proceeding, however, is closed and no further evidence will be accepted by the Office of Federal Acknowledgement.  See this Court's Order on Motion to Amend Scheduling Order, dated July 23, 2005, page 6, attached hereto as Exhibit B.

11.  The Schaghticoke Tribal Nation has previously sought to compel the deponent to testify and produce her research and other documents in the case of Eastlander Group, LLC v. Schaghticoke

Tribal Nation, Connecticut Superior Court, Judicial District of

Hartford, Docket # CV 03-0829544 S.  That action was brought to

confirm an arbitration award arising from a dispute between the

Eastlander Group and the Schaghticoke Tribal Nation concerning a

joint venture agreement to provide funding for Schaghticoke

Tribal Nation's efforts to achieve federal recognition and

concerning future Schaghticoke/Eastlander gaming activities.

Judgment affirming the arbitration award was entered on November

24, 2003.  In a post judgment notice of deposition, the

Schaghticoke Tribal Nation sought to compel the deponent to

testify and to produce her research concerning the Indians at

Schaghticoke with no notice to the parties in these proceeding.

     12.  In an effort to resolve the testimonial and document

production dispute in the Eastlander case, counsel for the

deponent offered to provide the parties in this litigation with

certain research and materials concerning the Indians at

Schaghticoke.  See Attachment 2 in the Notice of Deposition

attached to the subpoena duces tecum.  That offer was as follows:

     On the basis hereafter described, Mrs. Johnson is
     willing to provide the following materials to the
     parties in the federal litigation involving the

Schaghticoke Tribal Nation now pending before Judge
Dorsey.  Her proposal is intended to provide a level
playing field for all parties.

The materials to be provided appear to be a "primary
compilation" (my term) of Mrs. Johnson's research and
material concerning the Indians at Schaghticoke.  The
materials appear to include original research and
notes; partial genealogies and notes; notes and/or
materials obtained from others; newspaper clippings,
writings, genealogical research and notes, all
collected by Mrs. Johnson.  Some of the material is
organized; some is not.  Simply by size, I estimate the
package to contain 200 to maybe 500 pages.  Mrs.
Johnson does not represent that the collection
represents all of her research and documentation in her
possession.  Rather, the collection is simply her
primary package of material that is readily accessible
and available.

Mrs. Johnson is willing to provide the material in
response to a limited Notice of Deposition or other
discovery request that requests her to provide this
"primary compilation" collection on not less than
fourteen (14) days prior notice to all parties.  Upon
receipt of that notice I will arrange for the materials
to be copied by a commercial service (I believe 10
copies are necessary) and the firm requesting the
production (presumably McCarter & English) must agree
to reimburse me for the copying costs.

Assuming no objection is made to the production of the
documents by others, copies of the documents will be
provided to all parties on the appropriate date
together with Mrs. Johnson's affidavit indicating the
nature of the documents produced.  She will not appear
physically to testify.

Assuming the discovery request is limited to the

11

specific materials described above and the other
conditions of this proposal are satisfied, Mrs. Johnson
will not object to the production of the material.  In
addition, in my capacity as counsel for the Town of
Kent, I will not object to the production of the
material made in compliance with this proposal.

13.  Although the deponent remains willing to provide her

"primary compilation" documents to the parties on the terms and

conditions set forth in Paragraph 12 above, the subpoena duces

tecum is completely inconsistent with the deponent's proposal.

For example, the document production requests #1 through #4 are

*in addition* to the documents contained in the deponent's "primary

compilation".  The deponent and the Schaghticoke Tribal Nation

are unable to resolve their disagreements concerning the demands

of the subpoena duces tecum.

14.  In issuing the subpoena duces tecum, counsel for the

Schaghticoke Tribal Nation has failed to take reasonable steps to

avoid imposing an undue burden or expense upon the deponent in

violation of Rule 45(c)

WHEREFORE, the non party deponent, FRANCELIA JOHNSON,

requests the court to quash or modify the subpoena duces tecum

and to enter such other protective orders as may be necessary and

appropriate under Rule 45 of the Federal Rules of Civil

Procedure.   The deponent specifically requests the imposition of

sanctions as provided for in Rule 45(c)(1).

<div style="margin-left: 50%;">

RESPECTFULLY SUBMITTED,
FRANCELIA JOHNSON

By _s/ Jeffrey B. Sienkiewicz
   Jeffrey B. Sienkiewicz
   Fed. Bar No. CT 06371
   Sienkiewicz & McKenna, P.C.
   9 South Main St., P.O. Box 786
   New Milford, CT 06776
   Tel.(860)354-1583
   Telefax:  (860) 355-4439
   E-mail:  nm4jds@aol.com

</div>

13

CERTIFICATION

This is to certify that on August 4, 2005, a copy of the foregoing was sent via First Class United States Mail, postage prepaid, to:

    Eric Watt Wiechmann, Esq.
    Salvatore N. Fornaciari, Esq.
    David Reif, Esq.
    McCarter & English
    CityPlace I
    185 Asylum Street
    Hartford, CT 06103

    David J. Elliott, Esq.
    Eric L. Sussman, Esq.
    Day, Berry & Howard
    CityPlace I
    Hartford, CT 06103-3499

    James R. Fogarty, Esq.
    Leland C. Selby, Esq.
    Fogarty, Cohen, Selby & Neimeroff, LLC
    88 Field Point Road
    P. O. Box 2508
    Greenwich, CT  06836-2508

    Richard L. Street, Esq.
    Giovanna Tiberii Weller, Esq.
    Carmody & Torrance
    50 Leavenworth Street
    P. O. Box 1110
    Waterbury, CT  06721-1110

    Mark S. Kohler, Esq.
    Susan Quinn Cobb, Esq.
    Office of the Attorney General
    55 Elm Street,
    P. O. Box 120
    Hartford, CT  06161

    Thomas A. Gugliotti, Esq.
    Updike, Kelly & Spellacy. P.C.
    One State Street
    Hartford, CT  06123

John B. Hughes, Esq.
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street
P. O. Box 1824
New Haven, CT  06510

Robert A. Slavitt, Esq.
Slavitt, Connery & Vardamis
618 West Avenue,
Norwalk, CT  06850

Michael J. Burns, Esq.
57 Pratt Street #604
Hartford, CT  06103

Thomas W. Beecher, Rsq.
Collins, Hannafin, Garamella,
  Jaber & Tuozzolo, P.C
148 Deer Hill Avenue
Danbury, CT  06810

                         __s/ Jeffrey B. Sienkiewicz
                         Jeffrey B. Sienkiewicz

MCH-C\Kent\Schaghticoke\Johnson Motion to Quash