# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| PLAINTIFF, : | |
| V. : | |
| 43.47 ACRES OF LAND, MORE OR LESS, : | CIVIL NO. H-85-1078(PCD) |
| SITUATED IN THE COUNTY OF : | |
| LITCHFIELD, TOWN OF KENT, ET AL., : | |
| DEFENDANTS. : | |

*********

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION, : | |
| PLAINTIFF, : | |
| V. : | |
| KENT SCHOOL, : | CIVIL NO. 3:98CV01113(PCD) |
| DEFENDANTS. : | |

*********

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION, : | |
| PLAINTIFF, : | |
| V. : | |
| CONNECTICUT LIGHT & POWER, : | CIVIL NO. 3:00CV00820(PCD) |
| DEFENDANTS. : | |

## MOTION FOR ENTRY OF STIPULATED ORDER

The parties in the above-referenced cases, after several conferences with the Court and after detailed negotiations, have agreed to stipulate to the entry of the attached order governing further proceedings to be conducted before the Department of the

## **ORDER**

The following order is entered to permit, and establish a framework for, the determination by the Department of the Interior ("DOI") on the petition for tribal acknowledgment submitted by the Schaghticoke Tribal Nation. This Order is meant to serve the rights and interests of all parties to the captioned litigation, and allow the DOI to determine the merits of the petition on a schedule other than that set forth in the applicable regulations, 25 C.F.R. Part 83, except as otherwise provided herein. For purposes of the Order, the terms "party" or "parties" include the United States, the petitioner Schaghticoke Tribal Nation ("peitioner"), the defendants in these cases and any *amicus curiae* parties ("*amici*").

Based upon negotiations conducted among all the parties and *amici* in the above-captioned cases the Court orders the following:

a) The Documented Petition and the administrative correspondence file as of January 19, 2001, have been provided by the Bureau of Indian Affairs ("BIA"), on CD-ROM, to each party and *amici*. The genealogical information from the petition in the Family Tree Maker format, has also been provided to each party and *amici* on computer disks.

b) The design of a database in progress. The design of the database will be finalized and a copy provided to the parties

2

and *amici* by September 1, 2001. All parties and *amici* may, and shall to the extent they have information which permits their doing so, comment on a proposed design by May 1, 2001. Assistant U.S. Attorney John B. Hughes will schedule, in New Haven on June 1 or 4, 2001 a conference to include members of the BIA staff and/or consultants, to permit a detailed discussion with parties, *amici* and counsel of the status of the design and providing details sufficient to permit the parties and *amici* to comment meaningfully on the design. The parties and *amici* shall comment within 14 days. Further comment will only be accepted by BIA on a showing that despite due diligence, the basis for the comment was not reasonably known or available within the time limits set forth herein, and modifications will be made only to the extent feasible and appropriate. The BIA will report, to the court, the parties and *amici*, the status of the design development on June 20, 2001.

c) On or before December 17, 2001, the parties and *amici* shall provide an initial submission of any information or documents deemed appropriate to the determination of the petition for inclusion in the administrative record and database. By February 15, 2002, the parties and *amici* shall submit comments, information, documents, analysis or argument, for

inclusion in the administrative record and database. The actual creation of the initial database, after finalization of its design, including any modifications, shall be completed by March 15, 2002. The time period for completion of the database may be extended by the court depending on the nature and extent of the comments received.

d) The BIA will serve notice of its entry of the data in paragraph (c) into the initial database and serve copies of it on CD-ROM to the parties and *amici*, within five business days. Upon service of such notice, the BIA shall commence development of a proposed finding to be completed within 6 months. All parties and *amici* may provide comments on the initial database for 30 days following service of the database. No new factual documentation will be accepted. Notwithstanding the prior creation of the initial database, it is contemplated that the BIA may alter or add to the database during the decisional process.

e) Upon issuance of the proposed finding, including the summary of the evidence under the criteria, the BIA shall serve it, including, if any, charts and technical reports, on all parties and *amici* within 10 days. The databases as supplemented by BIA staff and any supplemental documents

considered by the Assistant Secretary - Indian Affairs in the formulation of the proposed finding, not previously provided to the parties and *amici*, shall be served on all parties and *amici* within 30 days, subject to the assertion of any privileges by DOI. A log identifying the documents and the asserted privileges will be provided.

f) The parties and *amici* shall submit all comments, information, documents, analysis or argument on the proposed finding, including the summary of the evidence under the criteria, within 6 months of its service. Parties and *amici* may request the court for an extension of the comment period on a showing of good cause which shall mean any cause which could not in the exercise of due diligence be reasonably avoided. Any reply by petitioner shall be filed with the BIA within 30 days of the close of the comment period.

g) Any party or *amici* to these cases wishing technical assistance, as provided in 25 C.F.R. 83.10(j)(2), shall request the same from the Assistant Secretary - Indian Affairs not later than 30 days after service of the proposed finding. Any such request shall be in writing and contain a detailed statement of the questions for which technical assistance is requested. A formal technical assistance meeting compliant

with such request(s) and 25 C.F.R. 83.10(j)(2) shall be held in Washington, D.C., within 60 days of the first such request. The BIA will develop an agenda for the formal technical assistance meeting which would permit the BIA staff to cover all of the subject matter areas raised. The parties shall use their best efforts to complete the agenda in two days or less, but in no event shall the meeting last more than three days.

h) The final determination, including the summary of the evidence under the criteria, of the petition shall be issued by the Assistant Secretary - Indian Affairs within 4 months of the end of petitioner's reply period. Notice of the final determination shall be published in the Federal Register, and the BIA shall serve copies of the final determination, including the summary of the evidence under the criteria, on the parties and *amici* within 5 business days of issuance of the final determination. The database as supplemented by BIA staff and any supplemental documents considered by the Assistant Secretary - Indian Affairs in the formulation of the final determination, not previously provided to the parties and *amici*, shall be served within 30 days of service of the final determination on all parties and *amici* subject to the assertion of any privileges which shall be set forth in a log identifying the documents and the asserted privileges.

i) The final determination shall be effective 90 days from the date notice is published in the Federal Register unless independent review and reconsideration is requested under 25 C.F.R. § 83.11 or unless any party or *amici* files a petition for district court review as set forth in paragraph (j) below. The final determination shall have no probative effect or value for purposes of the land claim issues remaining for the court's consideration in these cases until such time as a final judgment is entered on any review of the final determination under the Administrative Procedure Act ("APA") and all further rights of appeal have been exhausted. Nothing herein shall prevent any party or *amici* from seeking a court order staying or enjoining the effectiveness of the final determination for any other purposes.

j) The parties and *amici* agree to defer further negotiation of the question of whether, for purposes of this case, an appeal of the final determination to the Interior Board of Indian Appeals (IBIA) may be filed. The negotiation period shall commence three months after the end of the petitioner's reply period as set forth in paragraph (f) above and conclude no later than thirty days after the final determination is issued by the Assistant Secretary - Indian Affairs. The parties shall report to the court, through Assistant United States

Attorney John B. Hughes, within five days of the conclusion of the negotiation period. Participation in such negotiations shall not be construed as a waiver of any right to seek independent review and reconsideration under 25 C.F.R. §83.11 nor shall any party, *amici*, or interested party be compelled to forego such right. The negotiations among the parties shall be limited to the question of whether, for purposes of this case, the appeal of the final determination for independent review and reconsideration under 25 C.F.R. § 83.11 is to be made to the IBIA or shall be a part of a petition for review filed in the District Court under the Administrative Procedure Act. If a party requests independent review and reconsideration under 25 C.F.R. § 83.11(a)(1) and the Interior Board of Indian Appeals (IBIA) determines to take the appeal under § 83.11(c)(2), any party may request the Interior Board of Indian Appeals (IBIA) to expedite its consideration of and decision in such proceedings and represent in such request that the other parties who are subject to this Order give their consent thereto, except the Department of the Interior which agrees not oppose the request. If as a result of the negotiations, however, the parties agree that the issues for review set forth in 25 C.F.R. § 83.11 may be included in any petition for review filed with the District Court under the Administrative Procedure Act, such issues shall be decided by

the Court as part of such review under the standards identified in 25 C.F.R. § 83.11. Upon any such combined petition for review the Court shall determine the effective date of the final determination from which the petition for review has been taken.

k) Any petition for review of the final determination under the Administrative Procedure Act by any party to these cases shall be filed within 90 days of the date that notice of the final determination was served and shall be filed in this court as a case related to the above-captioned cases.

l) Nothing in this order shall prohibit any party or *amici* from requesting informal technical assistance from BIA staff nor prohibit the BIA Branch of Acknowledgment and Research ("BAR") staff from providing technical assistance in response to such requests pursuant to 25 C.F.R. §83.10(j)(1). No non-federal party or *amici* shall communicate or meet with any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary - Indian Affairs or the Deputy Commissioner of Indian Affairs with respect to this petition, without notification to the other parties.

m) The parties shall be permitted to conduct discovery as

provided for in the Federal and Local Rules of Civil Procedure, and in accordance with the previously entered Confidentiality Order, except that no discovery shall be directed against the United States Department of the Interior. Such discovery shall be relevant to the issue of tribal acknowledgment of the petitioner, unless the petitioner and a requesting party otherwise agree. Written discovery directed against a party to these proceedings shall be propounded not later than December 1, 2001. Discovery directed to or against persons or entities who are not parties to these proceedings may be made at any time. Discovery requests and responses shall be provided to all parties to this agreement. Copies of deposition transcripts shall be made available to all parties and *amici* as provided in the Federal Rules of Civil Procedure. Such responses and transcripts will not be included in the database or administrative record unless specifically submitted for inclusion.

n) Extensions of time may be allowed by the court for good cause which shall mean any cause which could not in the exercise of due diligence be reasonably avoided.

o) Except as otherwise provided in this Order the regulations set forth in 25 C.F.R. Part 83 are applicable to the BIA's

consideration of the Schaghticoke Tribal Nation's petition.

p) Any pleadings, documents, correspondence or other materials filed with this Court or with DOI, BIA, or BAR by any party or *amici* shall be served on all parties and amici in accordance with Rule 5, Federal Rules of Civil Procedure.

q) All proceedings in this court on these cases shall be stayed except as otherwise provided herein or unless leave of court is granted or all the parties agree.

SO ORDERED.

Dated at New Haven, Connecticut, May 5, 2001.

_____
Peter C. Dorsey
Senior United States District Judge

11