# EXHIBIT D

Case 3:00-cv-00820-PCD   Document 106-5   Filed 08/16/2005   Page 1 of 9

FILED
2005 FEB 17 A 10: 16
U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>43.47 ACRES OF LAND, MORE OR LESS, )<br>SITUATED IN THE COUNTY OF )<br>LITCHFIELD, TOWN OF KENT, et al, )<br>)<br>Defendants. ) | CIVIL ACTION<br>NO. H-85-1078(PCD) |
| SCHAGHTICOKE TRIBAL NATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENT SCHOOL CORPORATION, INC., et )<br>al )<br>)<br>Defendants. ) | * * * * * * * * *<br><br>CIVIL ACTION<br>NO. 3-98-CV 01113 (PCD) |
| SCHAGHTICOKE TRIBAL NATION )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE UNITED STATES OF AMERICA AND )<br>THE CONNECTICUT LIGHT AND )<br>POWER COMPANY, et al )<br>)<br>Defendants. ) | * * * * * * * *<br><br>CIVIL ACTION<br>NO. 3-00-CV 0820 (PCD)<br><br><br><br><br><br>February 17, 2005 |

## SCHAGHTICOKE TRIBAL NATION'S
## MOTION FOR PERMISSION TO CONDUCT LIMITED DISCOVERY

### Introduction

The Schaghticoke Tribal Nation ("Tribe") moves the Court to lift the stay declared and allow limited discovery under the amended May 8, 2001 Scheduling Order (the "Scheduling Order") in these consolidated cases. The motion is necessitated by the Tribe's desire to inquire whether any of the parties or *amici* may have violated the Scheduling Order which prohibits

**ORAL ARGUMENT REQUESTED**

them from contacting or meeting with officials of the Department of Interior. The Tribe has learned that recently an organization run by Town of Kent officials and landowners in Kent, Connecticut has hired a prominent Washington D.C. lobbying firm to influence the process under which the Tribe has sought acknowledgment.

Pursuant to Paragraph (l) of the Scheduling Order, neither non-federal parties nor *amici* may communicate or meet with any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary-Indian Affairs, or the Deputy Commissioner of Indian Affairs with respect to the Tribe's petition for acknowledgment without two business days prior notification to all other parties. Kent School Corporation, Inc., Preston Mountain Club, Town of Kent and *amici* agreed to the terms of a Scheduling Order governing these consolidated cases that were ultimately entered by the Court after months of negotiations. Parties include Schaghticoke Tribe of Indians, New Milford Savings Bank, Frank H. Turkington and Heirs, Tax Collector, (Town of Kent), unknown owners, Kent School Corporation, Inc., Preston Mountain Club, CL&P Co., Town of Kent, Loretta E. Bonos, as Administratrix c.t.a. of the Estate of Florence E.M. Baker Bonos, Appalachian Trail Conference, Inc., Barbara G. Bush, Estate of Eugene L. Phelps, United States of America and *amici*, the Attorney General of the State of Connecticut who under Conn. Gen. Stat. § 47-7b became involved in these actions to protect the interests of Connecticut landowners.

As for the provision at issue, it is crucial to ensuring a fair recognition process and was specifically raised with this Court during the long negotiations. The provision had to be subsequently amended due to questions being raised about one *amici's* attempt to circumvent its terms. See Court's Ruling on Motion to Amend Scheduling Order dated June 14, 2004. Now, evidence suggests that certain parties or *amici* may have surreptitiously violated the provision at one of the most crucial times in the recognition process through an alias group known as Town Action to Save Kent ("TASK") that, among other actions, hired a prominent Washington D.C. lobbying firm. That firm may have contacted several officials in Washington D.C., including possibly officials from the Department of Interior with whom communications are prohibited

under the Scheduling Order absent advance notice. To illuminate these potential violations, the Tribe needs to conduct limited, focused discovery.

## Discussion

The Scheduling Order issued by the Court in these consolidated cases concerns the Tribe's petition for tribal acknowledgment pending before the Bureau of Indian Affairs. In sum, it is a case management order under which the Tribe's recognition process is monitored and controlled by the Court. The Scheduling Order was the product of months of intensive negotiations between Attorney General Blumenthal and representatives of his Office, the Office of the U.S. Attorney for the District of Connecticut, counsel for the Tribe, all other parties and this Court.

The final draft of the Scheduling Order included the following directive in Paragraph (1):

> No non-federal party or *amici* shall communicate or meet with any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary-Indian Affairs or the Deputy Commissioner of Indian Affairs with respect to this petition, without notification to the other parties.

See Scheduling Order at page 9, ¶ (1). It was clearly and unambiguously understood by all parties to the negotiations that "notification" meant prior notification. Since the issuance of the Scheduling Order, most of the parties have conducted themselves accordingly.

Due to one exception, however, the Tribe sought to amend and clarify the provision. On June 14, 2004, the Court ordered that the last sentence of the provision be amended to read as follows:

> No non-federal party or *amici* shall communicate or meet with any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior or the Deputy Commissioner of Indian Affairs with respect to this petition, without two business days prior notification to the other parties.

-3-

A review of recent news articles reveals that certain of the parties and/or *amici* may be surreptitiously - - under the guise and use of an alleged citizens organization - - violating this order. According to an Associated Press release dated January 23, 2005, a group called Town Action to Save Kent ("TASK") has hired a prominent Washington D.C. lobbyist firm, Barbour, Griffith & Rogers, to assist in its efforts to overturn the Tribe's federal recognition. (Exhibit A). The press release further notes that TASK members met with, among others, a representative of the firm, a Selectwoman of the Town of Kent and representatives from the State of Connecticut - - the latter two entities being parties to this action.

In addition to these news reports, Barbour, Griffith & Rogers registered with the U.S. Congress as lobbyist for TASK in December 2004 to "provide guidance and counsel on issues involving Indian gaming and federal tribal recognition." (Exhibit B). Perkins Coie has also previously registered on behalf of the Housatonic Valley Coalition.[1] Its February 2004 lobbying report discloses contacts during 2003 with the Department of Interior and the Bureau of Indian Affairs. (Exhibit C).

Further, it has been reported in a subsequent news article that another Selectwoman of the Town of Kent was actually a founding member of TASK. (Exhibit D). Although she ultimately

---

[1] The membership of the "Housatonic Valley Coalition" is made up of several Connecticut Municipalities and a consortium of municipal officials, including the City of Danbury, the Towns of Bethel, Brookfield, New Fairfield, Newtown, and Ridgefield, and the Housatonic Valley Council of Elected Officials. See Housatonic Valley Coalition, Comments on the Proposed Finding Against Acknowledgment of the Schaghticoke Tribal Nation, submitted August 8, 2003. The request for reconsideration of the STN Final Determination filed before the Interior Board of Indian Appeals (IBIA) by the Connecticut Attorney General on May 3, 2004, was submitted on behalf of each of these members of the Housatonic Valley Coalition, with exception of the Town of Brookfield. See In re Federal Acknowledgment of the Schaghticoke Tribal Nation, Request for Reconsideration, May 3, 2004 at 1 (identifying the following as among the interested parties joining the request for reconsideration: the City of Danbury; the Towns of Bethel, New Fairfield, Newtown, and Ridgefield; and the Housatonic Valley Council of Elected Officials).

resigned her membership, the extent to which she was involved in the hiring of the lobbying firm and the planning of strategy is unknown. Also unknown is what efforts the lobbying firm has undertaken to date. While the lobbying firm lists TASK as a client on its website, (Exhibit E), it does not indicate the extent of its efforts on behalf of TASK to date. If the lobbying firm has already acted without notice to the Tribe, it deprives the Tribe the opportunity to be present during, and participate in, the meeting with officials or even know what transpired. Overall, serious questions are raised concerning the parties' and/or *amici*'s efforts to undermine the very recognition process that they had negotiated for and agreed to years ago and that is a central focus of these consolidated cases.

It seems obvious that the result of the lobbying includes the extra-ordinary letter sent by U.S. Reps. Nancy Johnson, Christopher Shays and Rob Simmons to the IBIA urging action overturning the favorable final determination made by the BIA. (Attachment F). In essence, at least in this regard, some of the parties to the stipulated Scheduling Order may have done indirectly, through lobbying efforts, what the order forbade them to do directly – making an ex parte communication to the Interior Department. If this was done it would be highly prejudicial to the Tribe, which has no way to respond to the unfair and inaccurate statements made in the letter or in any unknown oral communications that may have been made to the Department.

At this point, the Tribe is only left to speculate as to the extent of certain parties' violations of the Court's order by using the lobbying firm under the guise of an alleged "citizens" group. Not only are the circumstances concerning the hiring of this firm suspicious, but the timing is also suspicious. Its hiring occurred around the time that only days after the Tribe's final submission the Office of Federal Acknowledgment filed an inexplicable Technical Assistance memorandum calling into question its own finding without any explanation as to the

details underlying its change in position. (Exhibit G). Therefore, based on these circumstances, the Tribe needs to conduct limited discovery in order to determine if any of the parties and/or *amici* have violated the Scheduling Order.[2]

The Tribe's discovery would be focused on the following: (1) the extent of the parties' or *amici's* involvement in TASK, including formation of its policies, its decision to hire a lobbying firm and any donations of money or other support; and (2) the extent of TASK's conduct in contacting employees and/or officials of the Department of Interior through lobbying firms or otherwise. To explore these areas, the Tribe would only need a limited amount of depositions and requests for production of documents.

## Conclusion

Based on the foregoing, the Tribe respectfully requests that the Court allow it to conduct limited discovery concerning (1) the extent of the parties' or *amici's* involvement in TASK, including formation of its policies, its decision to hire a lobbying firm and any donations of money or other support; and (2) the extent of TASK's conduct in contacting employees and/or officials of the Department of Interior through lobbying firms or otherwise.

---

[2] Although the Tribe has hired representatives in the past to protect their interests in Washington D.C., the Tribe has discontinued their services with regard to the Department of Interior once the Scheduling Order was in place. The Tribe expected that the parties would similarly honor the Scheduling Order.

Wherefore, the Tribe respectfully requests that the Court grant its Motion to Conduct Discovery and order the requested relief.

> THE PLAINTIFF,
> SCHAGHTICOKE TRIBAL NATION
> BY MCCARTER & ENGLISH, LLC
> ITS ATTORNEYS
>
> By _/s/ [signature]_
> Eric Watt Wiechmann (CT 04331)
> Salvatore N. Fornaciari (CT 22684)
> CityPlace I
> Hartford, CT 06103
> (860) 275-6700

Of Counsel:

Judith A. Shapiro, Esq.
6856 Eastern Avenue NW
Suite 206
Washington, DC 20012

and

Jerry C. Straus, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW
Washington, DC 20037

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Schaghticoke Tribal Nation's Motion to Amend the Scheduling Order has been mailed, postage prepaid this 17th of February, 2005 to:

John B. Hughes, Esq.
Chief of Civil Division
United States Attorneys Office
157 Church Street, Floor 23
New Haven, CT 06510

Judith A. Shapiro, Esq.
6856 Eastern Avenue NW, Suite 206
Washington, DC 20012

David J. Elliot, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Loretta Bonos
594 Bendview Drive
Charleston, WV 25314

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box 786
New Milford, CT 06776-0786

Michael J. Burns, Esq.
Law Offices of Attorney Michael J. Burns
57 Pratt Street
Hartford, CT 06103

Jerry C. Straus, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW
Washington, DC 20037

Giovanna Tiberii Weller, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

Robert A. Slavitt, Esq.
Slavitt, Connery, & Vardamis
618 West Avenue
Norwalk, CT 06850

James R. Fogarty, Esq.
Fogarty Cohen Selby & Nemiroff
88 Field Point Road, P.O. Box 2508
Greenwich, CT 06836-2508

Susan Quinn Cobb, Esq.
Asst. Attorney General
55 Elm Street
Hartford, CT 06141

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123

Renita Ford, Esq.
General Litigation Section
Environmental & Natural Resources Division
United States Department of Justice
Post Office Box 663
Washington, DC 20004-0663

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW
Mailstop 6456
Washington, D.C. 20240

Salvatore N. Fornaciari (CT 22684)

HARTFORD: 632710.02

-8-