# EXHIBIT F

00000060967

| Clerk of the House of Representatives<br>Legislative Resource Center<br>B-106 Cannon Building<br>Washington, DC 20515 | Secretary of the Senate<br>Office of Public Records<br>232 Hart Building<br>Washington, DC 20510 |
|---|---|

RECEIVED
SECRETARY OF THE SENATE
PUBLIC RECORDS
05 FEB 14 PM 5: 14

# LOBBYING REPORT

Lobbying Disclosure Act of 1995 (Section 5) - All Filers Are Required to Complete This Page

1. Registrant Name
   Barbour Griffith & Rogers, LLC

2. Registrant Address ☐ Check if different than previously reported
   Address: 1275 Pennsylvania Avenue, NW   Tenth Floor
   City: Washington   State/Zip (or Country): DC 20004

3. Principal Place of Business (if different from line 2)
   City:   State/Zip (or Country):

4. Contact Name: Andrew Asher
   Telephone: (202) 333-4936
   E-mail (optional): aasher@bgrdc.com

5. Senate ID #
6. House ID #

7. Client Name ☐ Self
   Town Action to Save Kent (TASK)

**TYPE OF REPORT**   8. Year **2004**   Midyear (January 1-June 30) ☐   OR   Year End (July 1-December 31) ☒

9. Check if this filing amends a previously filed version of this report ☐

10. Check if this is a Termination Report ☐   >> Termination Date _____   11. No Lobbying Activity ☐

## INCOME OR EXPENSES - Complete Either Line 12 OR Line 13

| 12. Lobbying Firms | 13. Organizations |
|---|---|
| INCOME relating to lobbying activities for this reporting period was: | EXPENSES relating to lobbying activities for this reporting period were: |
| Less than $10,000 ☐ | Less than $10,000 ☐ |
| $10,000 or more ☒ >> $ **$20,000.00** Income (nearest $20,000) | $10,000 or more ☐ >> $ _____ Expenses (nearest $20,000) |
| Provide a good faith estimate, rounded to the nearest $20,000 of all lobbying related income from the client (including all payments to the registrant by any other entity for lobbying activities on behalf of the client). | 14. REPORTING METHOD. Check box to indicate expense accounting method. See instructions for description of options.<br>☐ Method A. Reporting amounts using LDA definitions only<br>☐ Method B. Reporting amounts under section 6033(b)(8) of the Internal Revenue Code<br>☐ Method C. Reporting amounts under section 162(e) of the Internal Revenue Code |

Signature _____   Date **2/11/2005**

Printed Name and Title   **G.O. Griffith, Jr. - Chief Executive Officer**

Page 1 of 2

00000060968

Registrant Name: **Barbour Griffith & Rogers, LLC**

Client Name: **Town Action to Save Kent (TASK)**

**LOBBYING ACTIVITY.** Select as many codes as necessary to reflect the general issue areas in which the registrant engaged in lobbying on behalf of the client during the reporting period. Using a separate page for each code, provide information as requested. Attach additional page(s) as needed.

15. General issue area code **IND** (one per page)

16. Specific Lobbying issues
    - Federal Tribal Recognition

17. House(s) of Congress and Federal agencies contacted     ☐ Check if None
    Department of the Interior
    House of Representatives
    Senate

18. Name of each individual who acted as a lobbyist in this issue area

| Name | Covered Official Position (if applicable) | New |
|---|---|---|
| Blakeman, Bradley | Deputy Assistant to the President | No |
| Imperatore, Brant | Counsel, House Financial Services Committee | No |
| Monroe, Loren |  | No |
|  |  |  |
|  |  |  |
|  |  |  |

19. Interest of each foreign entity in the specific issues listed on line 16 above     ☒ Check if None

Signature _____     Date 2/11/2005

Printed Name and Title G.O. Griffith, Jr. - Chief Executive Officer     Page 2 of 2

# EXHIBIT G

# AFFIDAVIT OF BRADLEY A. BLAKEMAN, VICE PRESIDENT OF BARBOUR GRIFFITH & ROGERS, LLC

STATE OF VIRGINIA      )
                       )   ss: Virginia
COUNTY OF FAIRFAX      )

The undersigned, being duly sworn, deposes and says that:

1. I am over the age of eighteen (18) years and believe in the obligations of an oath.

2. I am the Vice President of Barbour Griffith & Rogers, LLC (BGR), a Delaware Limited Liability Company formed in June 2004. BGR is a public affairs and policy consulting firm located in Washington, D.C., that provides non-legal advice, guidance and advocacy for and on behalf of a range of clients before the executive and legislative branches of the federal and various state governments. I submit this affidavit both in my personal capacity and as an authorized representative of BGR.

3. The organization, Town Action to Save Kent (TASK), is presently a client of BGR and has been so since November of 2004. Pursuant to the terms of BGR's engagement agreement with TASK, BGR is obligated not to disclose confidential information, practices or policies of TASK. BGR has been advised by TASK that it considers all information relating to BGR's activities on behalf of TASK, including public relations strategies developed on behalf of TASK and BGR's efforts to implement those strategies, to be confidential. For that reason, BGR and myself are obligated by contract to protect the confidentiality of our work on behalf of TASK.

4. On May 12, 2005, the U.S. Department of Interior issued an order vacating and remanding a previous agency determination that the Schaghticoke Tribal Nation could be

recognized under applicable federal regulations and law. Prior to May 12, 2005, I neither met with nor communicated with, any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior, or the Deputy Commissioner of Indian Affairs with respect to the Schaghticoke Tribal Nation Petition for Tribal Recognition.

5. After the issuance of the order on May 12, 2005, I attempted to contact acting Deputy Assistant Secretary for Indian Affairs Olsen. The purpose of this call was to inquire about the Bureau of Indian Affairs' (BIA) internal procedures regarding the remand. However, I was only able to leave a verbal message with his assistant. The message contained my name, affiliation and phone number. I never received a return phone call.

6. Thereafter, on or about May 24, 2005, BGR received a copy of a letter addressed to Mrs. Marcia Flowers from the acting Principal Deputy Assistant Secretary for Indian Affairs. In the letter, Deputy Assistant Secretary Olsen advised that no one should contact the BIA during the period of consideration for the remand. I made no further contact with BIA, nor was I directed by anyone to do so.

7. To the best of my knowledge and belief, outside of my own activities, BGR, its members, managers, officers, employees, and any organizations subcontracted to perform services for BGR, have not met with, nor communicated with, any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior, or the Deputy Commissioner of Indian Affairs with respect to the Schaghticoke Tribal National Petition for Tribal Recognition.

8. In addition, I have not ever asked any third party to meet with or communicate with, any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior, or the Deputy Commissioner of Indian Affairs with respect to the Schaghticoke Tribal Nation Petition for Tribal Recognition. Moreover, to the best of my knowledge and belief, BGR, its members, managers, officers, employees, and any organizations subcontracted to perform services for BGR, have not ever asked any third party to meet with or communicate with, any officials in the immediate offices of the Secretary of the Interior, the

Assistant Secretary of the Interior, or the Deputy Commissioner of Indian Affairs with respect to the Schaghticoke Tribal Nation Petition for Tribal Recognition.

Dated at: ~~Washington, DC~~ ALEXANDRIA, VA, this 22nd day of July 2005.

_____
Bradley A. Blakeman, Vice President
Barbour Griffith & Rogers, LLC

Subscribed and sworn to before me this 22nd day of July 2005.

_____
Notary Public

Name: SARAH SHAW

My Commission Expires: 12-31-05

EXHIBIT E  EXHIBIT F  EXHIBIT G  EXHIBIT H

# EXHIBIT H

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | : <br> : <br> : | Case No: H-85-1078 (PCD) |
| v. | : <br> : | |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, ET AL.,<br>Defendants | : <br> : <br> : <br> : | |
| SCHAGHTICOKE TRIBAL NATION<br>Plaintiff, | : <br> : <br> : | Case No. 3:98cv1113 (PCD) |
| v. | : <br> : | |
| KENT SCHOOL<br>Defendant, | : <br> : | |
| SCHAGHTICOKE TRIBAL NATION<br>Plaintiff, | : <br> : <br> : | Case No. 3:00cv820 (PCD) |
| v. | : <br> : | |
| UNITED STATES OF AMERICA AND CONNECTICUT LIGHT AND POWER COMPANY<br>Defendants. | : <br> : <br> : <br> : | |

**RULING ON MOTION FOR PERMISSION TO CONDUCT DISCOVERY**

The Schaghticoke Tribal Nation's Motion for Permission to Conduct Limited Discovery [Doc. No. 80 (3:00cv820), 242 (H-85-1078), 166 (3:98cv1113)] is **granted** for the purpose of determining whether the Court's Scheduling Order prohibition on meeting or contacting officials of the Department of the Interior has been violated. However, pursuant to the State's request,

1

Defendants are also granted permission to conduct limited discovery for the same purpose. Such discovery shall be completed no later than October 1, 2005 and any documents or information discovered shall be made available to all parties within five (5) days of its being obtained.

SO ORDERED.

Dated at New Haven, Connecticut, May  20 , 2005.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court