UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | : CIVIL ACTION NO. |
| Plaintiff | : H-85-1078(PCD) |
| | : |
| v. | : |
| | : |
| 43.47 ACRES OF LAND, MORE OR LESS, | : |
| SITUATED IN THE COUNTY OF LITCHFIELD, | : |
| TOWN OF KENT, ET AL | : |
| Defendants | : |
| | : |

_____

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION | : CIVIL ACTION NO. |
| Plaintiff | : 3-98-CV01113(PJD) |
| | : |
| v. | : |
| | : |
| KENT SCHOOL CORPORATION, INC.; ET AL. | : |
| Defendants | : |
| | : |

_____

| | |
|---|---|
| SCHAGHTICOKE TRIBAL NATION | : CIVIL ACTION NO. |
| Plaintiff | : 3-00-CV-00820 (PJD) |
| | : |
| v. | : |
| | : |
| UNITED STATES OF AMERICA AND THE | : |
| CONNECTICUT LIGHT AND POWER COMPANY | : |
| Defendants | : September 6, 2005 |
| | : |

_____

**REPLY BRIEF
OF FRANCELIA JOHNSON**

1

Pursuant to Local Rule 7(d), the non party deponent, Francelia Johnson, submits this memorandum in reply to the brief entitled: <u>Schaghticoke Tribal Nation's Memorandum of Law in Opposition to the Motion to Quash and Motion for Protective Order of Francelia Johnson, the Motion for Protective Order of Town of Kent, the Motion for Protective Order of Connecticut Light and Power Company and Kent School Corporation, Inc., and the Memorandum of United States in Support of Motion For Protective Order</u>, dated August 26, 2005.

The pending motions, including Francelia Johnson's <u>Motion to Quash And Motion For Protective Order</u> and her <u>Objection</u> concern a subpoena duces tecum that was served August 2, 2005 requiring her appearance and production of documents at a deposition to be held on August 8, 2005.

In opposing Francelia Johnson's <u>Motion to Quash And Motion For Protective Order</u>, the Schaghticoke Tribal Nation asserts that Francelia Johnson has failed to demonstrate that compliance with the subpoena will impose an undue burden upon her.  Essentially, the STN seek to shift the burden of demonstrating need and

2

hardship imposed upon it by Rule 45(c)(3)(B)(ii) to the deponent.

Exhibit A attached hereto is the Declaration of Francelia Johnson. The Declaration describes the nature of her research material and the burden that is imposed upon her by the subpoena. In short, she estimates that it will take her at least one month of full time effort to cull through her research and documents in order to comply with the demands of the subpoena.

The STN ignores the fact that Francelia Johnson sought this court's protection, in part, based on Rule 45(c)(3)(B)(ii). Under Rule 45(c)(3)(B)(ii), a subpoena shall be quashed if it

> requires disclosure of an unretained expert's opinions or information not describing specific events of occurrences in dispute and resulting from the experts study not made at the request of any party.

The STN makes no showing that it has a substantial need for Francelia Johnson's research materials that it cannot otherwise satisfy from other sources without undue hardship. Nor does the STN address the fact that it seeks the benefit of Mrs. Johnson's research materials without any offer of compensation for the time and effort that will be necessary to compile and disclose the information.

As noted in her Declaration, Francelia Johnson's research is derived primarily from public sources or from private sources (e.g., walking the cemeteries, Kent Historical Society) that are readily accessible and available to the Schaghticoke Tribal Nation.  Particularly in the absence of a showing by the STN that it has a substantial need for Mrs. Johnson's research that it cannot otherwise obtain from other sources without undue hardship, the subpoena must be quashed under Rule 45(c)(3)(B)(ii).

Under Rule 45(c), the STN also has an obligation to take reasonable steps to avoid imposing an undue burden or expense upon the deponent.  Instead of taking such steps, the STN has made such a broad demand for the production of documents that it appears that the subpoena was expressly calculated to impose a burden upon her.  This may have been to punish Mrs. Johnson for the statement that was attributed to her in the press and that is quoted at length by the STN in its memorandum.

Finally, the STN asserts that the documents requested are reasonably calculated to lead to admissible evidence and are relevant to this proceeding.  The STN, however, did not initially

seek discovery of Francelia Johnson's research materials in this proceeding.  Instead, on July 16, 2005, the STN sought discovery of those materials in the case of Eastlander Group, LLC v. Schaghticoke Tribal Nation, Connecticut Superior Court, Judicial District of Hartford, Docket # CV 03-0829544 S.  That case, however, has nothing to do with STN's status as a federally recognized tribe.  Moreover, in that proceeding, Benjamin Engel, counsel for the STN, expressly disclaimed any need for the information for use in the connection with the petition for federal acknowledgment.  Instead, Mr. Engel represented that the information was necessary to convince the Eastlander Group of the need to fund additional research by the STN's own researchers. See Declaration of Jeffrey B. Sienkiewicz attached as Exhibit A to the Motion for Protective Order Filed by the Town of Kent, dated August 5, 2005.

Only after Francelia Johnson offered to make copies of her primary compilation of Schaghticoke materials simultaneously available to all parties in this proceeding after proper and reasonable notice, payment of copying costs and absence of objection did the STN suddenly determine that it needed to compel

Francelia Johnson's disclosure of information for use in this case.  By that date, however, the administrative record before the BIA was closed; and the STN is precluded from submitting any information developed from Francelia Johnson's research to the BIA to support its petition.

The STN also argues that access to Francelia Johnson's research documents is necessary for use in connection with future administrative appeals concerning the acknowledgement petition. Under Rule 26(b)(1), it is not proper to obtain discovery of information from a non-party deponent for use in a potential future administrative appeal.  Discovery should be had in that future matter or not at all.

> RESPECTFULLY SUBMITTED,
> FRANCELIA JOHNSON
>
>
> By __s/ Jeffrey B. Sienkiewicz
> Jeffrey B. Sienkiewicz
> Fed. Bar No. CT 06371
> Sienkiewicz & McKenna, P.C.
> 9 South Main St., P.O. Box 786
> New Milford, CT 06776
> Tel.(860)354-1583
> Telefax:  (860) 355-4439
> E-mail:  nm4jds@aol.com

MCH-C\Kent\Schaghticoke\Johnson Reply Brief

<u>CERTIFICATION</u>

This is to certify that on September 6, 2005 a copy of the foregoing Reply Brief, together with the attached Declaration of Francelia Johnson, was sent via First Class United States Mail, postage prepaid, to:

    Eric Watt Wiechmann, Esq.
    David Reif, Esq.
    Robert J. Gallo, Esq.
    McCarter & English
    CityPlace I
    185 Asylum Street
    Hartford, CT 06103

    David J. Elliott, Esq.
    Eric L. Sussman, Esq.
    Day, Berry & Howard
    CityPlace I
    Hartford, CT 06103-3499

    James R. Fogarty, Esq.
    Leland C. Selby, Esq.
    Fogarty, Cohen, Selby & Neimeroff, LLC
    88 Field Point Road
    P. O. Box 2508
    Greenwich, CT  06836-2508

    Richard L. Street, Esq.
    Giovanna Tiberii Weller, Esq.
    Carmody & Torrance
    50 Leavenworth Street
    P. O. Box 1110
    Waterbury, CT  06721-1110

    Mark S. Kohler, Esq.
    Susan Quinn Cobb, Esq.
    Office of the Attorney General
    55 Elm Street,
    P. O. Box 120
    Hartford, CT  06161

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy. P.C.
One State Street
Hartford, CT  06123

John B. Hughes, Esq.
Chief, Civil Division
United States Attorney's Office
Connecticut Financial Center
157 Church Street
P. O. Box 1824
New Haven, CT  06510

Loretta Bonos
596 Bendview Drive
Charleston, WV 25314

Michael J. Burns, Esq.
57 Pratt Street #604
Hartford, CT  06103

Thomas W. Beecher, Rsq.
Collins, Hannafin, Garamella,
  Jaber & Tuozzolo, P.C
148 Deer Hill Avenue
Danbury, CT  06810

                              ___s/Jeffrey B. Sienkiewicz
                              Jeffrey B. Sienkiewicz

MCH-C\Kent\Schaghticoke\Johnson Reply Brief