UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. H-85-1078(PCD) |
| v. | ) | |
| | ) | |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, et al, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-98-CV 01113 (PCD) |
| v. | ) | |
| | ) | |
| KENT SCHOOL CORPORATION, INC., et al | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | * * * * * * * * * |
| SCHAGHTICOKE TRIBAL NATION | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | NO. 3-00-CV 0820 (PCD) |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA AND THE CONNECTICUT LIGHT AND POWER COMPANY, et al | ) ) ) | |
| | ) | |
| Defendants. | ) | SEPTEMBER 12, 2005 |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME
## TO CONDUCT DISCOVERY

Pursuant to Local Rule 7(b), the Plaintiff, Schaghticoke Tribal Nation ("STN"), by and through its attorneys, McCarter & English, respectfully requests that this Court grant it an additional three (3) months, until January 2, 2006, to complete discovery regarding whether the Court's Scheduling Order prohibition on meeting or contacting officials of the Department of the Interior has been violated. The undersigned counsel for STN state the following in support of this motion:

1. On February 17, 2005, STN moved the Court to lift the stay declared and allow limited discovery under the amended May 8, 2001 Scheduling Order in these consolidated cases. (See Exhibit A) That motion was filed because STN had reason to believe that one or more of the Defendants or *amici* may have violated the Scheduling Order which prohibits meeting or contacting officials of the Department of the Interior.

2. Specifically, STN stated in its motion that:

> A review of recent news articles reveals that certain of the parties and/or *amici* may be surreptitiously - - under the guise and use of an alleged citizens organization - - violating [the Scheduling Order]. According to an Associated Press release dated January 23, 2005, a group called Town Action to Save Kent ("TASK") has hired a prominent Washington D.C. lobbyist firm, Barbour, Griffith & Rogers, to assist in its efforts to overturn the Tribe's federal recognition. The press release further notes that TASK members met with, among others, a representative of the firm, a Selectwoman of the Town of Kent and representative from the State of Connecticut - - the latter two entities being parties to this action.

(See Exhibit A at 4)

3. On May 20, 2005, the Court granted STN's Motion for Permission to Conduct Limited Discovery and set an October 1, 2005 deadline for the completion of such discovery. (See Exhibit B). The effect of this motion is to permit the Plaintiff to determine

- 2 -

whether there has been a breach of the court's Amended Scheduling Order and, if there has been such a breach, to advise the court thereof.

4.  Following the Court's decision, STN began conducting discovery. To date, STN has deposed and received documents from several state and local government officials. These officials include Dolores Schiesel, First Selectman of the Town of Kent; Nancy O'Dea Wyrick and Daniel Soule, Selectmen of the Town of Kent; and Andrew Roraback and Mary Ann Carson, the State Senator and Representative, respectively, whose districts include the Town of Kent.

5.  Not surprisingly, STN has also noticed depositions and sought documents from TASK and Barbour, Griffith and Rogers ("BG&R"). On July 1, 2005, STN noticed the deposition of TASK and two of its principals, James Perkins and Kenneth Cooper. In connection with that notice, STN also served a request for production of documents, limited to the time frame since June 14, 2004, which relate to the organization of TASK, its membership and its lobbying and other activities. (See Exhibit C) Also on July 1, 2005, STN noticed the deposition of BG&R and one of its lead lobbyists, Bradley Blakeman. In connection with that notice, STN served a similar request for production of documents. (See Exhibit D)

6.  In response to these deposition notices and requests for production of documents, TASK, Perkins and Cooper have moved in this Court to quash their depositions and for a protective order, seeking to shield themselves from producing the materials described above and answering relevant questions. BG&R and Blakeman have filed similar motions in the

United States District Court for the District of Columbia. STN has briefed its opposition to those motions.

7. Neither this Court nor the D.C. District Court has yet ruled on these motions or scheduled oral argument. Even if the rulings were received in the very near future, the schedules of the many counsel involved in these cases and the witnesses would make it virtually impossible to complete those depositions and any appropriate follow up to information obtained therein by October 1.

8. Therefore, additional time is necessary to allow this Court and the D.C. District Court to rule on these motions and for STN to complete discovery regarding TASK's and BG&R's role in assisting the defendants or *amici* with violating the Court's Scheduling Order. prohibiting meeting or contacting officials of the Department of the Interior. If the extension is not granted, TASK and BG&R will essentially have succeeded, merely by the filing of a motion, in having their protective order granted and relevant information in their possession will not be made available to the Plaintiff – and the Court.

9. No prior extensions have been filed by STN with regards to the October 1, 2004 discovery deadline.

10. STN's attorneys have contacted counsel for a number of the opposing parties and has determined that there are objections to this motion being granted.

- 5 -

WHEREFORE, Plaintiff respectfully requests that its Motion for Extension of Time be granted.

THE PLAINTIFF,
SCHAGHTICOKE TRIBAL NATION
BY MCCARTER & ENGLISH LLP
ITS ATTORNEYS

By _/s/ Robert Gallo_
Eric W. Wiechmann (CT 04331)
David Reif (CT 0024)
Robert J. Gallo (CT 19982)
185 Asylum Street
Hartford, CT 06103
(860) 275-6700 (phone)
(860) 724-3397 (fax)

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing been mailed, postage prepaid this 12th ___ of September, 2005 to:

John B. Hughes, Esq.
Chief of Civil Division
United States Attorneys Office
157 Church Street, Floor 23
New Haven, CT 06510

Judith A. Shapiro, Esq.
6856 Eastern Avenue NW, Suite 206
Washington, DC 20012

David J. Elliot, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT 06103-3499

Loretta Bonos
594 Bendview Drive
Charleston, WV 25314

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box 786
New Milford, CT 06776-0786

Michael J. Burns, Esq.
Law Offices of Attorney Michael J. Burns
57 Pratt Street
Hartford, CT 06103

Jerry C. Straus, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, NW
Washington, DC 20037

Perry Zinn Rowthorn, Esq.
Assistant Attorney General
55 Elm Street
Hartford, CT 06141-0120

Richard J. Street, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT 06721-1110

James R. Fogarty, Esq.
Fogarty Cohen Selby & Nemiroff
88 Field Point Road, P.O. Box 2508
Greenwich, CT 06836-2508

Susan Quinn Cobb, Esq.
Asst. Attorney General
55 Elm Street
Hartford, CT 06141

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy
One State Street
Hartford, CT 06123

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C Street, NW
Mailstop 6456
Washington, D.C. 20240

Francis J. Collins, Esq.
Tom Beecher, Esq.
Collins Hannafin Garamella, et al.
148 Deer Hill Avenue
P.O. Box 440
Danbury, CT 06810-0440

_____
Robert J. Gallo (CT 19982)