# EXHIBIT C

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | : <br> : <br> : | <br>Case No: H-85-1078 (PCD) |
| v. | : <br> : | |
| 43.47 ACRES OF LAND, MORE OR LESS, SITUATED IN THE COUNTY OF LITCHFIELD, TOWN OF KENT, ET AL.,<br>    Defendants | : <br> : <br> : <br> : | |
| SCHAGHTICOKE TRIBAL NATION<br>    Plaintiff, | : <br> : <br> : | <br>Case No. 3:98cv1113 (PCD) |
| v. | : <br> : | |
| KENT SCHOOL<br>    Defendant, | : <br> : | |
| SCHAGHTICOKE TRIBAL NATION<br>    Plaintiff, | : <br> : <br> : | <br>Case No. 3:00cv820 (PCD) |
| v. | : <br> : | |
| UNITED STATES OF AMERICA AND CONNECTICUT LIGHT AND POWER COMPANY<br>    Defendants. | : <br> : <br> : <br> : | |

### RULING ON MOTION TO AMEND SCHEDULING ORDER

The Schaghticoke Tribal Nation ("Tribe") moves to amend [Doc. Nos. 231, 156, 69] the May 9, 2001 Scheduling Order. For the reasons stated herein, The Tribe's motion is **granted**.

**I.    BACKGROUND:**

On March 17, 2004, Connecticut Attorney General Richard Blumenthal and

1

representatives from other states attended a meeting with Secretary of the Interior Gale Norton and members of her staff. One of the topics to be discussed, in general terms, at this meeting was possible reform of the tribal recognition process. While in attendance, Blumenthal delivered to Secretary Norton a letter detailing various concerns about the recognition process as it pertained specifically to the Schaghticoke matter, including issues related to the administrative appeal.[1] Additionally, the Tribe contends that Blumenthal engaged in a private conversation with Secretary Norton concerning the merits of the Tribe's position and requesting a moratorium on the Tribe's recognition proceedings, including the pending appeal. In its opposition brief, Amicus Connecticut contends that while Blumenthal did engage in some discussion with Secretary Norton, it was limited in substance to the contents of the letter.[2]

## II. DISCUSSION:

The Scheduling Order here at issue states that

> No non-federal party or *amici* shall communicate or meet with any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior or the Deputy Commissioner of Indian Affairs with respect to this petition, without notification to the other parties.

The Tribe contends that Blumenthal's actions violated the provisions of the Scheduling Order and requests that it be revised such that it requires advance notice of any such communications

---

[1] An administrative appeal involving recognition of the Schaghticoke tribe is currently pending within the Department of the Interior before the Bureau of Indian Affairs.

[2] The Tribe's information concerning the private conversation with Secretary Norton purportedly comes from a press release issued by Blumenthal. Mot. to Amend at 4, *citing* March 17, 2004 Press Release. The Press Release is not attached as an exhibit and the record does not independently verify this account. However, Amicus Connecticut's characterization of the event does not rebut the Tribe's contentions. Considering that the letter requests the aforementioned moratorium, see Amicus CT Mem. Opp. Mot. to Amend, Exh. B, the assertion that only the letter was discussed does not deny the Tribe's assertions, but merely more favorably rephrases the description.

and to read:

> No non-federal party or *amici* shall communicate or meet with any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior or the Deputy Commissioner of Indian Affairs with respect to this petition, without two business days prior notification to the other parties.

Amicus Connecticut and Defendant Kent oppose the amendment contending that Blumenthal did not violate the scheduling order because copies of the letter were mailed to the other parties on March 17, 2004 and faxed to them on March 18, 2004.[3]

The Oppositions' arguments fail for two reasons. First, considered abstractly, in order to be effective and meaningful, notice of a particular course of action must be given prior to its occurrence. Without prior notice, a party's ability to respond in a timely manner may be impaired. Second, the inappropriate nature of the specific circumstances here at issue demonstrate the necessity of prior notification. Without any party to this matter being present, Blumenthal affirmatively contacted and met with Secretary Norton, the head of the agency currently hearing an appeal in which Blumenthal has an interest, about the very subject matter of that appeal. Such conduct, at the very least, appears improper and thus threatens to subvert the integrity of the appeal process itself. Further, it permitted no opportunity to the Tribe to counter the presentation to Secretary Norton. The parties to the action should have been provided with advance notice so as to have had the opportunity to contemporaneously submit any desired rebuttal or voice their objection to Blumenthal's presentation which is therefore found to be within the Scheduling Order and not in compliance with the notice requirement. The argument

---

[3] The opposition briefs also devote some time to explaining the particular events that gave rise to the various concerns with the recognition process reflected in the letter. These events are entirely irrelevant to whether the Scheduling Order was violated and have no bearing on the merits of the Tribe's motion.

3

that advance notice is not required by the Scheduling Order is without merit.

### III. CONCLUSION:

For the reasons stated herein and to avoid specious future non-compliance, the Tribe's motion to amend [Doc. Nos. 231, 156, 69] is **granted**. The Scheduling Order shall be amended as requested and quoted above.

SO ORDERED.

Dated at New Haven, Connecticut, June __14__, 2004.

_____/s/_____
Peter C. Dorsey, U.S. District Judge
United States District Court