UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.<br>H-85-1078 (PCD) |
| 43.47 ACRES OF LAND, MORE OR LESS,<br>SITUATED IN THE COUNTY OF<br>LITCHFIELD, TOWN OF KENT, ET AL<br>    Defendants. | : | |
| SCHAGHTICOKE TRIBAL NATION<br>    Plaintiff | : | CIVIL ACTION NO.<br>3-98-CV01113 (PCD) |
| v. | : | |
| KENT SCHOOL CORPORATION, INC., ET AL.<br>    Defendants | : | |
| v. | : | |
| SCHAGHTICOKE TRIBAL NATION<br>    Plaintiff | : | CIVIL ACTION NO.<br>3-00-cv-0820 (PCD) |
| v. | : | |
| THE UNITED STATES OF AMERICA AND<br>THE CONNECTICUT LIGHT AND<br>POWER COMPANY, et al<br>    Defendants. | : | SEPTEMBER 23, 2005 |

**PRESTON MOUNTAIN CLUB, INC.'s
MOTION FOR PROTECTIVE ORDER**

The defendant, Preston Mountain Club, Inc. ("Preston"), respectfully asks this Court, pursuant to Fed. R. Civ. P. 26(c), to enter a protective order preventing or limiting the deposition of Preston's representative that the plaintiff, the Schaghticoke Tribal Nation ("STN"), has requested by notice dated September 13, 2005.[1] Preston joins in the Motion for Protective Order and accompanying memorandum of law submitted in this matter by the defendant, Kent School Corporation, Inc. ("Kent School"), dated September 22, 2005.

The discovery sought in connection with the requested depositions of Preston and Kent School is overly broad and burdensome and it exceeds the limited scope of inquiry permitted by this Court's Ruling dated May 20, 2005. That Ruling permits discovery solely "for the purpose of determining whether the Court's Scheduling Order prohibition on meeting or contacting officials of the Department of the Interior has been violated."[2] The Court's Scheduling Order, as amended on June 14, 2004, reads as follows:

> No non-federal party or *amici* shall communicate or meet with any officials in the immediate offices of the Secretary of the Interior, the Assistant Secretary of the Interior or the Deputy Commissioner of Indian Affairs with respect to this petition, without two business days prior notification to the other parties.[3]

Preston joins Kent School in noting that the discovery requested by STN vastly exceeds this limited scope. STN seeks all communications between Preston and a

---

[1] A copy of the notice is attached to this motion as Exhibit A.
[2] A copy of the Court's Ruling of May 20, 2005, is attached to this motion as Exhibit B.

2

large number of persons beyond the ones identified in the Court's Scheduling Order. These include communications relating to this matter with, among others, "any employee or official of the State of Connecticut," as well as with "any person or entity."

Such requests not only seek discovery beyond the permissible scope set forth by this Court, they also seek discovery regarding communications between Preston and other defendants and *amici* who are parties to this case, which are protected by the work product doctrine. Although Preston is not a party to the Joint Defense Agreement that exists among several of its co-defendants, including Kent School and the State of Connecticut, any communications between Preston and its co-defendants with regard to strategy in this matter are protected by the work product doctrine. See *United States v. Adlman*, 134 F.3d 1194 (2d Cir. 1998).

Counsel for Preston is currently in the process of confirming that no officer or director of Preston has acted contrary to this Court's Order, as amended on June 14, 2004.[4] Upon completion of that process, Preston is, like Kent School, prepared to submit an affidavit certifying that it has not violated this Court's Order. Such an affidavit should obviate the need for the deposition requested by STN.

---

[3] A copy of the Court's Scheduling Order, as amended on June 14, 2004, is attached to this motion as Exhibit C.
[4] In its deposition notice, STN sought discovery regarding communications involving persons beyond Preston's officers and directors, including any club member or any consultant to the club. The inclusion of such persons in Preston's affidavit would be overly broad and burdensome. An affidavit pertaining to communications involving any of Preston's officers or directors should be sufficient in accordance with the Court's Ruling of May 20, 2005.

## CONCLUSION

For all of these reasons, the defendant, Preston Mountain Club, Inc., respectfully asks this Court to enter a protective order preventing the Schaghticoke Tribal Nation's requested deposition of Preston's representative, or limiting that deposition to the permissible scope of discovery set forth in the Court's ruling of May 20, 2005.

THE DEFENDANT
PRESTON MOUNTAIN CLUB, INC.

By: _____
James R. Fogarty (ct04264)
Gerald G. Reidy (ct25764)
Fogarty Cohen Selby & Nemiroff, LLC
88 Field Point Road – P.O. Box 2508
Greenwich, CT 06836-2508
T(203) 629-7351 – F(203) 629-7319

**CERTIFICATION**

    I hereby certify that a copy of the foregoing was mailed, postage prepaid, on the date hereon to all counsel and *pro se* parties of record:

Eric Wiechmann, Esq.
McCarter and English
CityPlace I
185 Asylum Street
Hartford, CT  06103-3495

F. Michael Willis, Esq.
Jerry Strauss, Esq.
Hobbs, Straus, Dean & Walker, LLP
2120 L Street, N.W., Suite 700
Washington, DC  20037

Judith A. Shapiro, Esq.
6856 Eastern Avenue NW
Suite 206
Washington, D.C.  20012

David J. Elliott, Esq.
Day, Berry & Howard
CityPlace I
Hartford, CT  06103-3499

Richard Street, Esq.
Carmody & Torrance
50 Leavenworth Street
P.O. Box 1110
Waterbury, CT  06721

Jeffrey B. Sienkiewicz, Esq.
Sienkiewicz & McKenna, PC
9 South Main Street
P.O. Box 786
New Milford, CT  06776-0786

Loretta E. Bonos
594 Bendview Drive
Charleston, WV  25314-1547

Slavitt, Connery & Vardamis
c/o Paul J. Pacifico
Law Offices of Paul J. Pacifico
965 Post Road East
Westport, CT  06880-5355

Thomas A. Gugliotti, Esq.
Updike, Kelly & Spellacy
One State Street
Hartford, CT  06123

John B. Hughes, Esq.
Chief of Civil Division
U.S. Attorney's Office
157 Church Street, Floor 23
New Haven, CT  06519

Scott Keep, Esq.
Office of the Solicitor
U.S. Department of the Interior
1849 C. Street, NW
Mailstop 6456
Washington, D.C.  20240

Perry Zinn Rowthorn, Esq.
Susan Quinn Cobb, Esq.
Assistant Attorney General
55 Elm Street
P.O. Box 120
Hartford, CT  06141-0120

Michael J. Burns, Esq.
Law Offices of Michael J. Burns
57 Pratt Street
Hartford, CT  06106

Ryan E. Bull, Esq.
Baker Botts, LLP
The Warner Building
1299 Pennsylvania Avenue, NW
Washington, DC  20004

Francis J. Collins, Esq.
Tom Beecher, Esq.
Collins Hannafin Garamella, et al.
148 Deer Hill Avenue
P.O. Box 440
Danbury, CT  06810-0440

_____
James R. Fogarty

7